THOMAS C. STEWART AND ANOTHER v. JOHN MACKEY.

Where the husband and wife united in the mortgage of their homestead, and afterwards removed, and acquired another homestead, in an action to foreclose the mortgage, the Court said it was not different from a mortgage by the husband alone, and that the Constitution does not inhibit a mortgage of the homestead by the husband, subject to the contingency that the homestead may not be changed, or that the wife may not assent, and that in the mean time the claim may be barred by the statute of limitations, &c.; and it was held that the mortgage be foreclosed.

Where there was an agreed statement of facts, on an issue of foreclosure of a mortgage, to the effect "that about two years ago Mackey (the defendant) "ceased to occupy said property as a homestead, and has since occupied the "place he now resides at, as a homestead, which is different from the pro- "perty mortgaged," it was considered, as between the husband and mortgagee, that there had been a change of the homestead, the Court remarking that no question was made as to the rights of the wife, none being set up for her by the record.

Appeal from Colorado.

*G. W. Smith*, for appellant.   The doctrine settled in the case of Lee v. Kingsbury, 13 Tex. R. 68, is thought not to be applicable to this case.   That was a suit to attack a judgment collaterally, which had been rendered, and to which no objection had been made *in limine*.

There was no proof introduced in the Court below, to show that Mackey was the owner of the premises he removed to; and for aught this Court can see or know, he may have held them as a tenant and induced his wife to remove from the —— homestead contrary to her wish.

*G. Quinan*, for appellee, cited Lee v. Kingsbury, 13 Tex. R. 68.

HEMPHILL, CH. J.   This was a suit on a promissory note, and for the foreclosure of a mortgage.   There was judgment for the amount due on the note, but an order for foreclosure was refused, and this has been assigned as error.   The facts of the case, as agreed upon by counsel, so far as they affect the question of foreclosure, are to the effect that on the 29th of May, 1851, at the time the note bears date, John Mackey, the defendant, and his wife, executed in due form, a mortgage on the property described in the petition ; that Mackey was, at the time of making the said mortgage, the head of a family, and occupied the property embraced in the mortgage, as a homestead, at that time ; that the property was worth eighteen hundred dollars ; that about two years ago Mackey ceased to occupy said property as a homestead, and has since occupied the place he now resides at, as a homestead, which is different from the property mortgaged.

The only question is whether the mortgage, though ineffectual at the time of its execution, could be enforced subsequently, and after the homestead, which had been mortgaged, was abandoned, and another homestead had been acquired.   Were it not for the provision of the Constitution, that the owner of a homestead, if a married man, should not be at liberty to alienate the same unless by consent of the wife, the husband would have the unquestionable power to dispose of it at pleasure.   His right, his absolute title in the property, is not affected, but his power of alienation is restricted, and for the distinct and specific purpose of securing a homestead to the family.   To effect this purpose the wife, if living, must be consulted before the sale, and this for many reasons which might be enumerated, but especially that she may not be deprived of one homestead without provision for the acquisition of another.   The entire object of the law and the Constitution is to secure a homestead, and no infringement upon the husband's rights of property, except such as may be necessary for the object designed, is intended by the law or is to be presumed.

Under this view, the husband may, in conformity with law, make any disposition whatever of the homestead, being his own property, provided his act does not interfere with the absolute right of enjoyment and use of the homestead by the husband, wife and family, or with its sale, if this be necessary to raise funds for the acquisition of another homestead, or with the right of the wife to refuse to abandon her homestead, or acquiesce in its sale or other disposition, without provision for another homestead. There appears to be no necessity to encroach upon the husband's right of alienation, further than may be necessary to secure these objects, nor to inhibit a creditor from taking a mortgage from the husband, subject to the contingency that the homestead may not be changed, or that the wife may not assent, and that in the mean time his claim may be barred by the statute of limitations, &c. No doubt, after the change, the homestead, which has been abandoned, becomes subject to forced sale for the benefit of creditors, and the question is whether the plaintiffs have a lien on this property, in preference to other creditors, and we are of opinion that the mortgage took effect and had force as a lien, as soon as the property mortgaged was abandoned and another homestead was acquired, and that they are entitled to foreclosure. No question is made in this case as to the rights of the wife, nor are any set up for her by the record.

The fact that the mortgage was executed by the wife, as is stated in the agreement, I have not considered as having any bearing in the cause. A mortgage by husband and wife of the homestead, to be valid, must be conditioned with a power of sale by the mortgagee upon default of payment. (6 Tex. R. 102.) Without this condition her assent to the mortgage is without any effect, and neither adds to, nor diminishes, the force and effect of the mortgage by the husband.

The question raised in this case was determined in the case of Lee and wife v. Kingbury, (13 Tex. R. 68,) to which we refer in support of this decision. It is ordered, adjudged and

decreed that the judgment for the amount due on the note be affirmed, and that the judgment refusing to decree a foreclosure, be reversed, and such judgment be rendered as should have been pronounced below.

