CARL TESKE, APPELLEE, V. MARTHA DITTBERNER ET AL., APPELLANTS.*

FILED JUNE 4, 1902.   No. 10,901.

Commissioner's opinion, Department No. 3.

1. **Homestead**: ORAL AGREEMENT BETWEEN PARENTS AND SON: TESTAMENTARY IN CHARACTER: STATUTE. An oral agreement between a son and his parents that, upon the death of both the latter, he shall become vested with the title of the family homestead in consideration of his carrying on the business of the parents, and providing them during their lifetime with a home and maintenance, is testamentary in character, and not in violation of our statute upon the subject of homesteads. *Teske v. Dittberner*, 63 Nebr., 607, overruled.

2. ———: ———: ———: ———: STATUTE OF FRAUDS: STATUTE OF WILLS: EQUITY. An agreement like the foregoing is in contravention of the letter both of the statute of frauds and of the statute of wills, and should be closely scrutinized, so that the transaction may not be made the means of the exercise of undue influence or the practice of fraud or other abuses, but, when it is fairly and honestly made and substantially performed on the part of the son, equity may, under proper circumstances, be successfully resorted to for its enforcement.

3. ———: ———: SPECIFIC PERFORMANCE: CONVEYANCE BY PARENTS: NOTICE TO GRANTEE: FAULT. Although specific performance, strictly so called, of such an agreement, can not be decreed during the lifetime of the parents, yet if the latter have conveyed away the premises in violation of the agreement, and the son is without fault, he is not, if the grantee have notice of his rights, destitute of a present remedy. He may apply to the court for and obtain a decree that such grantee hold the legal title subserviently to the uses and purposes of the testamentary agreement, and that upon the death of the parents and full compliance with and performance of the agreement by the complainant, the title shall be conveyed to him.

*Rehearing allowed. Opinion modified. December 16, 1903.

APPEAL from the district court for Madison county. Heard below before ROBINSON, J. Rehearing of case reported in 63 Nebr., 607. *Judgment below modified and affirmed.*

*William v. Allen* and *Willis E. Reed,* for appellants.

*McKillip & McAllister* and *Reeder & Hobart, contra.*

AMES, C.

This case comes before us upon a rehearing granted from a former decision of this court published in 63 Nebr., 607. Reference is made to that opinion for a sufficient statement of the facts involved in the litigation. Upon the reargument considerations and authorities were urged upon us which, on account of the hurried and insufficient manner in which the cause was presented on the former hearing, escaped our attention at that time, and which have convinced us that we fell into grievous error in the disposition which we made of the case. We at that time labored under the impression that, inasmuch as the premises sought to be recovered were admittedly the homestead of the defendant Frederick. Teske, and the agreement in controversy was confessedly not in writing, the plaintiff was precluded from obtaining the relief prayed by section 4 of chapter 36 of the Compiled Statutes, which enacts that "the homestead of a married person can not be conveyed or incumbered unless the instrument by which it is conveyed or incumbered is executed and acknowledged by both husband and wife." By section 1 of the act, a homestead is defined as consisting of the dwelling house in which the claimant resides and its appurtenances, and the land on which the same is situated, not exceeding 160 acres, in all to the value of not exceeding $2,000. By the seventeenth section it is enacted that when the claimants are married persons, the person from whose property the homestead was selected may dispose of it by will, subject to a life estate of the survivor therein. The right, therefore, of Frederick Teske to make a testamentary disposi-

tion of the property in question, subject to the inchoate
life estate therein of his wife (now deceased), is expressly
preserved to him by the statute. It is quite likely that he
should not have been held to have been deprived of that
right in the absence of the express words of the act.
*Ferguson v. Mason,* 19 N. W. Rep. [Wis.], 420; *Gee v.
Moore,* 14 Cal., 472; *Stewart v. Mackey,* 16 Tex., 56.

It can not, we think, be successfully contended that the
agreement which the referee has found to have been made
between Carl Teske and his parents was not testamentary
in its character, nor can it well be disputed that he has
fully performed and offered to perform on his part. The
decision of the question does not depend upon the choice
of any particular words or the use of any especial form of
expression, but "the doctrine of the cases is that whatever
the form of the instrument, if it vests no present interest,
but only appoints what is to be done after the death of
the maker, it is a testamentary instrument." *Turner v.
Scott,* 51 Pa. St., 126; *Reed v. Hazleton,* 37 Kan., 321, 15
Pac. Rep., 177; *Hazleton v. Reed,* 26 Pac. Rep. [Kan.],
450; *Sutton v. Hayden,* 62 Mo., 101. These cases establish
the doctrine that the sole test by which to ascertain
whether an instrument or agreement purporting to affect
the title to land is testamentary, is to inquire whether it
undertakes to vest any present interest or title therein.
If it does not, but the title is to remain unaffected until
the death of the owner, and an interest is then to accrue
to the other party to the agreement, the contract is testa-
mentary, and in ordinary cases revocable.

The only remaining questions are whether an oral agree-
ment to make a testamentary disposition of real estate,
made in consideration of services substantially performed,
such as were rendered by the appellee Carl Teske, will be
enforced by the court, and, if so, what, under circum-
stances like those in the case at bar, should be the form of
the relief granted. The former of these questions seems
to have been definitely answered in the affirmative by this
court in *Kofka v. Rosicky,* 41 Nebr., 328. See, also, *Sven-*

*burg v. Fosseen,* 78 N. W. Rep. [Minn.], 4. In the opinions in these two cases a large number of previous decisions to the same effect are collated, which apparently fortify the doctrine beyond the possibility of successful assault. In all these cases it is held that part performance takes the transaction out of the operation of the statute of frauds, and that when, as in this case, such performance is of such nature as that it can not be measured or adequately compensated in damages, equity will interfere for the purpose of protecting the rights of the party injured. In *Hazleton v. Reed, supra,* the relief sought seems to have been denied for the sole reason that in the opinion of the court the services rendered in that case were not of such a nature that they could not be adequately recompensed by the ordinary legal procedure. We do not think that the circumstances of this case bring it within the exception.

It does not seem to be an obstacle to the granting of relief in such cases as this that the testator, if he may properly be so called, who has conveyed away his property in violation of his agreement, is still living. Specific performance, strictly so called, can not be decreed because the father is still living, and until his death the right of the son to have the title vested in himself will not have accrued. But such a situation has already been considered by the courts, and the difficulty thence arising has been solved to our satisfaction. In *Van Dyne v. Vreeland,* 11 N. J. Eq., 370, followed and affirmed in *Davison v. Davison,* 13 N. J. Eq., 246, approved in *Gupton v. Gupton,* 47 Mo., 37, and in *Sutton v. Hayden,* 62 Mo., 101, it was held that in instances of this kind the grantee, with notice and in fraud of the testamentary agreement, will be decreed to hold the title in trust until the happening of the event vesting a present right thereto in the complainant, and will then be required to convey it to the latter. The conclusion thus arrived at is in contravention of the letter both of the statute of frauds and of the statute of wills, and beyond doubt transactions of the kind in question should be closely scrutinized, or else they may open the door to the

exercise of the grossest kind of undue influence and to frauds and abuses of the most serious descriptions; but the rules of equity applicable to them, when free from any of these objections, are well established by a large number of decisions, many of which have received the express approval of this court. There is nothing in the record to indicate that the appellee, Carl Teske, has been guilty of any objectionable practices, and it is beyond question that he has spent many of the best years of his life in the performance in good faith of the testamentary agreement, which the referee has found upon sufficient evidence to have been entered into between himself and his parents. It does not appear to us that for a repudiation of the agreement by his father he could be adequately compensated in damages. The father is very old and feeble, both in mind and body, so that it is not unlikely that his conveyance to his daughter, if not unduly influenced, was made in response to some temporary whim or resentment. That it was not the result of any fixed determination on his part is indicated by the fact that he has dismissed his appeal in this court, and manifested a desire that the judgment of the district court be affirmed. At or before the conveyance to the appellant Martha Dittberner she parted with no consideration on account thereof, and she had full knowledge of the claims of her brother, who was in occupancy of the premises. There is therefore no fact or circumstance disclosed by the record to raise in equity in her behalf. If at the death of her father she shall be entitled to compensation for his care and support during the term of his residence with her, she may demand the same from his estate, which will apparently be considerable in amount. In any case, the old gentleman is entitled to comfortable care and subsistence out of his estate or the avails of it, nor is he bound to reside with his son if he desires to abide elsewhere, and it is not unlikely that even the testamentary agreement might, under conceivable circumstances, be required to yield so far as may be requisite for ministering to his necessities. But whether this be so or not, it is the

clear duty of the court to protect the rights of the son by maintaining the present status, so far as possible, during the remainder of the old man's life.

It is recommended that the former decision of this court be overruled and set aside; and that the judgment of the district court be so modified that the appellee, Carl Teske, be decreed to be entitled upon giving a bond such as is tendered in his petition, if one has not already been given, to retain the occupancy of the premises in controversy during the lifetime of his father, Frederick Teske, subject to the terms, conditions and stipulations of the testamentary agreement set forth in the report of the referee in this action; and that until the death of said Frederick Teske the appellant Martha Dittberner be adjudged to hold the legal title to said premises in trust, for the satisfaction of the terms and conditions of said agreement, free from any estate or interest of her husband, the appellant Frederick Dittberner, as tenant by the curtesy or otherwise; and that she be perpetually restrained and enjoined from conveying or incumbering the same except as herein directed; and that upon the death of said Frederick Teske, and full compliance with and-performance of said agreement by said Carl Teske, a conveyance of said premises to him be made by said Martha Dittberner; and that the said decree, when so modified, be affirmed.

DUFFIE, C., concurs. ALBERT, C., not present at the hearing and took no part in the decision.

By the Court: For the reasons stated in the foregoing opinion it is ordered that the former decision of this court be overruled and set aside; and that the judgment of the district court be so modified that the appellee, Carl Teske, be decreed to be entitled upon giving a bond such as is tendered in his petition, if one has not already been given, to retain the occupancy of the premises in controversy during the lifetime of his father, Frederick Teske, subject to the terms, conditions and stipulations of the testamentary agreement set forth in the report of the referee

in this action; and that until the death of said Frederick Teske the appellant Martha Dittberner be adjudged to hold the legal title to said premises in trust, for the satisfaction of the terms and conditions of said agreement, free from any estate or interest of her husband, the appellant Frederick Dittberner, as tenant by the curtesy or otherwise; and that she be perpetually restrained and enjoined from conveying or incumbering the same, except as herein directed; and that upon the death of said Frederick Teske, and full compliance with and performance of said agreement by Carl Teske, a conveyance of said premises to him be made by said Martha Dittberner; and that the said decree, so modified, be affirmed.

JUDGMENT ACCORDINGLY.