[Civ. No. 1095.   First Appellate District.—June 20, 1912.]

## CHARLES IGNATIUS KEEFE, Appellant, v. ELIZA-BETH A. KEEFE, MARY DENELY et al., Respondents.

CONTRACT OF MOTHER WITH SON—CONVEYANCE OF INTEREST IN LAND—
RETURN OF SAME AT DEATH—WILL—REVOCATION—SECOND WILL TO
DAUGHTERS—VALID CONTRACT—RELIEF IN EQUITY.—Where a mother,
in consideration of the conveyance to her at her request of her son's
one-tenth interest in his deceased father's land, and also of the in-
terest of her daughters in the same land, for her better maintenance
during her life, agreed to return to each of them one-tenth interest
in the property at death, and then made a will accordingly, which
she afterward revoked, and willed all of the father's land to her
daughters, and died, having made no other disposition of the land
during life, her contract with the son was neither uncertain nor in-
valid, and being wholly concerning land, the jurisdiction in equity
to enforce the same as against the daughters, to the extent of his
interest in the land, is well established.

ID.—NATURE OF INTEREST OF DAUGHTERS IN SON'S ESTATE—RESULTING
TRUST—RELIEF IN EQUITY—STATUTE OF LIMITATIONS—FOUR YEARS.
Under the terms of the contract, and of the last will of the mother
solely to the daughters, their interest in the land, which was to be
returned to the son at his mother's death, is impressed with the
qualities of a resulting trust in their hands in favor of the son,
which may be enforced in equity against them in favor of the son
at any time within four years after the mother's death.

ID.—ORAL CONTRACT PRIOR TO CODE AMENDMENTS VALID.—Since the oral
contract to return the interest in the land to the son at the mother's
death was made before the amendments to sections 1624 of the Civil
Code and 1973 of the Code of Civil Procedure were enacted, which
now require such a contract to be in writing, those amendments
cannot have a retroactive effect, and operate to make void a contract
which was valid at the time when it was made.

ID.—AGREEMENT TO LEAVE PROPERTY TO SON—WILL.—It is held untenable that there was no agreement of the mother to make a will of the land deeded to her by the plaintiff to him at her death. It is sufficient that she promised to leave the land so deeded to her to her son at her decease.

ID.—IMPROPER GRANTING OF NONSUIT—ALLEGED INSUFFICIENCY OF COMPLAINT.—The court erred in granting a motion for a nonsuit on the ground that the evidence showed no ground for the relief sought by the complaint. It is held that the complaint showed a ground for relief, either for that prayed for, or for damages against the estate of the deceased mother. But it is held further, whether the complaint states a cause of action or not, the insufficiency of the complaint is not a ground for a nonsuit.

ID.—VARIANCE BETWEEN COMPLAINT AND PROOF NOT URGED AS A GROUND OF NONSUIT—WAIVER—RIGHT OF PLAINTIFF TO REMEDY OBJECTIONS. Where the ground of variance between the complaint and the proof was not urged as a ground of nonsuit, it was waived, and cannot be urged upon appeal for the first time. The plaintiff had the right to have his attention called to such supposed variance, so that he might have an opportunity to remedy it if he desired.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Arthur W. Perry, and Henry Conlin, for Appellant.

Bartlett & Langdon, E. C. Harrison, and Cullinan & Hickey, for Respondents.

KERRIGAN, J.—This is an appeal from a judgment entered upon an order of nonsuit in an action to enforce specific performance of an agreement alleged to have been made between plaintiff and his mother, Susan Keefe, deceased, where she promised to make a certain provision for him in her will.

Michael Keefe, the plaintiff's father, died intestate, leaving at the time of his death two parcels of valuable real estate in the city and county of San Francisco, which estate was community property. One-half of his property was given his widow, Susan Keefe, and the other one-half descended to the five children of Michael and Susan Keefe. As one of such

children plaintiff's interest in the estate was therefore one-tenth.

At the time of the death of Michael Keefe, the plaintiff was in military service to the United States, and stationed in the Philippine Islands. With a view to looking after his interest in the estate he secured his discharge from the army, went to San Francisco, called upon his mother, the administratrix of the estate, and demanded his share of the property left by his father. The property was still in probate, undistributed, and this request of course could not be complied with. The next day, at the request of Susan Keefe, she and the plaintiff met at the office of her attorney. There were also present her attorney, and her daughters, with whom she was at the time living and who are the principal beneficiaries under her will. After considerable conversation the plaintiff was ultimately persuaded to make a transfer of his interest in his father's estate to his mother for her better maintenance and protection during her life, with the understanding that upon his mother's death his share in his father's estate would be returned to him.

Susan Keefe died in San Francisco March 12, 1909, leaving a last will and testament, according to the terms of which she in effect failed to carry out her contract with the plaintiff. Her will was subsequently, to wit, April 6, 1909, admitted to probate, and on April 14, 1911, this action was commenced.

Upon the trial thereof, as before stated, a judgment of nonsuit was entered against the plaintiff. The motion for nonsuit was made upon the following grounds: 1. That the cause of action asserted by the complaint on the contract alleged and sought to be established and specifically enforced is barred by section 339 of the Code of Civil Procedure; 2. That the contract sought to be established and specifically enforced is within subdivision 7 of section 1973 of the Code of Civil Procedure; 3. That the contract alleged is not specifically enforceable.

Taking up the last ground of the motion first, defendants contend in effect that equity ought not to interpose and grant relief in this case, because the contract is vague and indefinite, and because the plaintiff may be fully and adequately compensated in money for the breach of the alleged contract.

The testimony shows that immediately upon the plaintiff's arrival in San Francisco he, at the suggestion of his mother, met her at the office of her attorney; that the attorney asked him if he had received a letter requesting him to deed his share of his father's estate to his mother; and upon receiving a reply in the affirmative asked him what he was going to do about it. Plaintiff replied that he was going to take his share of the estate, whereupon his mother commenced to cry, and said, "Charlie, are you going to take my property? . . . Charlie, you will be getting old one of these days, and if you take your share you will only squander it. Let me have it, and I will give it back to you on my death." He told his mother that upon those conditions she could take it. At this point the attorney came forward with the deed and said, "Charlie, remember now this share that you are giving to your mother will be given back to you on her death." "These are the conditions," said the plaintiff, "upon which I am going to give it to my mother."

The attorney, who was a witness for the plaintiff, testified that at this meeting he explained to plaintiff that the latter's two sisters had conveyed or were going to convey their interests to their mother, and it was desired that he should do likewise in order that his mother might have an income for the rest of her life sufficient to keep her comfortable; that to this plaintiff was agreeable, but that he did not want the property sold. In reply the witness informed him that his mother considered the land in question a fine piece of property, producing a good income, and had no idea of selling it; that nevertheless if plaintiff conveyed his share to her, it would be hers absolutely, and if so advised she might sell it. In effect the plaintiff still objected; but when he was informed that, if he persisted in receiving his share, his mother would not hold the land with him, and that it could be sold in partition proceedings, he finally acquiesced in making a deed to her, with the understanding that the share so conveyed should be returned to him on his mother's death.

Prior to receiving a conveyance of their interest in the land from all of her children, the mother made a will in which she stated that it was proposed that her sons and daughters should deed to her their five-tenths interest in their father's estate, and in the said will she devised and bequeathed to each of her

children, who should thus convey to her their said interest, a one-tenth interest in her estate. This will was subsequently revoked, and another one executed in which the mother left all her property to her daughters.

We think the contract disclosed by the evidence is neither uncertain nor unenforceable in equity. Even if Susan Keefe had sold the land, perhaps, under a fair interpretation of the contract, the plaintiff would have been entitled to a one-tenth interest in the proceeds; and possibly in that event the proceeds would have been in such shape that an action at law would have been entirely adequate. But under the circumstances presented by the evidence it is quite clear, we think, that Susan Keefe agreed to return to the plaintiff at the time of her death his one-tenth interest in this land, provided she had not in the meantime sold the same. She did not sell the property; she failed to keep her contract, which is definite, certain and valid. He was therefore entitled to some remedy; and as land was the subject matter of the agreement, as well as of this suit, the inadequacy of the legal remedy is well settled, and the jurisdiction of equity firmly established. (*Cordano* v. *Ferretti,* 15 Cal. App. 670, [115 Pac. 657] ; 2 Pomeroy's Eq. Rem., sec. 745.)

As before indicated, this action is based upon an oral contract, and if it is governed by the provisions of section 339, limiting the time to commence actions on such contracts to two years, it is of course barred. But under the terms of the contract the property involved is impressed with the qualities of a resulting trust in the hands of the defendants. (*Duvale* v. *Duvale,* 54 N. J. Eq. 581, [35 Atl. 750] ; *Best* v. *Gralapp,* 69 Neb. 811, [5 Ann. Cas. 491, 96 N. W. 641, 99 N. W. 837] ; 2 Pomeroy's Eq. Rem., sec. 746; 1 Underhill on Wills, sec. 286; see cases cited in note to *Johnson* v. *Hubbell,* 66 Am. Dec. 787.)

In such a case an action may be brought at any time within four years. (*Hecht* v. *Slaney,* 72 Cal. 363, [14 Pac. 88] ; *Piller* v. *Southern Pacific Ry. Co.,* 52 Cal. 42; *Chapman* v. *Bank of Cal.,* 97 Cal. 155, [31 Pac. 896] ; *Nougues* v. *Newlands,* 118 Cal. 102, 106, [50 Pac. 386].)

Since this contract was made sections 1624 of the Civil Code and 1973 of the Code of Civil Procedure have been amended so as to require contracts like this one to be in writing; and at

the trial defendants insisted that this contract came within those sections as amended. They have not pressed the point in this court, and may be deemed to have abandoned it, as well they might, for it is wholly without merit. The case was not within the sections as they read at the time this contract was made. (*Stewart* v. *Smith,* 6 Cal. App. 152, [91 Pac. 661].) And certain it is that the amendments should not have a retroactive effect, and operate to make void a contract valid at the time of its execution. (29 Am. & Ency. of Law, 814; 20 Cyc. 281.)

There is no merit in the suggestion that there was no agreement to make a will. It is sufficient that Susan Keefe promised to leave the property to the plaintiff at her decease. (*Best* v. *Gralapp,* 69 Neb. 811, [5 Ann. Cas. 491, 96 N. W. 641, 99 N. W. 837].)

One other matter is suggested in the brief of respondent, which we will notice. While it may be that the allegations of the complaint do not show that the plaintiff is entitled to the relief demanded, still if it shows, as is admitted by the defendants, that he may be entitled to a judgment in damages, it follows, of course, that the complaint states a cause of action. (*Swan* v. *Talbot,* 152 Cal. 142, [17 L. R. A., N. S., 1066, 94 Pac. 238].) But even if the complaint did not state a cause of action, this objection could not be availed of on a motion for nonsuit. (*Pacific Pav. Co.* v. *Vizelich,* 141 Cal. 410, [74 Pac. 352].)

If the allegations of the complaint and the proof do not correspond there is a variance; but the defendants not having specified this as one of the grounds of their motion for nonsuit, we cannot here consider it for the first time. The attention of the plaintiff should have been called to the supposed defect, so that he might have an opportunity to remedy it if he desired. (1 Hayne on New Trial and Appeal, revised ed., secs. 115, 116, pp. 561 and 577.)

The judgment appealed from is reversed.

Hall, J., and Lennon, P. J., concurred.