Syllabus.

# GEORGE VIERRA *v.* OLIVER T. SHIPMAN, SAMUEL KAUHANE AND ADAM C. BAKER, TRUSTEES UNDER THE WILL OF JOHN T. BAKER, DECEASED.

## No. 1391.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. J. J. BANKS, JUDGE.

SUBMITTED APRIL 20, 1922.                    DECIDED MAY 13, 1922.

PETERS, C. J., EDINGS AND PERRY, JJ.

SPECIFIC PERFORMANCE—*contracts to devise land.*

Generally speaking, an agreement to devise land to a particular person is valid and enforceable in a court of equity.

SAME—*enforcement of trust against heirs.*

In such a case the property in the hands of the representatives of the deceased promisor is regarded as impressed with a trust in favor of the promisee.

SAME—*part performance of oral contracts.*

If the promise to devise is oral, part performance will justify enforcement by a court of equity.

SAME—*contracts to devise land in return for personal services—change of status.*

B, who owned certain real estate with cattle and other personalty thereon, together conducted as a cattle ranch, promised V that if he would accept employment on said ranch and perform certain services thereon from that time until B's death, without wages and without compensation other than his food and clothing, he, B, would devise and bequeath to him the said ranch. V accepted the employment and performed all the services during the remainder of B's life, fully and satisfactorily to B. At the time of entering into the undertaking V was sixteen years of age and planned to take, if possible, a course of study in agriculture. The performance of his duties on the ranch necessarily rendered impossible any course of study as planned. Held, that under these circumstances there was part performance and that B's promise is enforceable in equity.

FRAUDS, STATUTE OF.

> The statute of frauds is not to be so applied as to render it an instrument of fraud.

SAME—*part performance—change of possession not indispensable.*

> Transfer of possession from the promisor to the promisee is not essential to part performance of an oral agreement to devise land.

### OPINION OF THE COURT BY PERRY, J.

This is a bill in equity for the declaration of a trust in favor of the complainant concerning a tract of land, 300 acres in area, which is described by metes and bounds in the bill. The allegations are that the respondents are trustees under the will of one John T. Baker who died in September, 1921, and as such trustees hold the title to the said real estate as well as the title to eighty-four head of cattle, twenty-five horses, fifty turkeys, thirty chickens, one cream separator and household furniture, all of which were upon the 300-acre tract; that the said Baker during his lifetime and at the time of his death owned the real estate and the personal property just mentioned; that on or about August 30, 1914, Baker "employed the complainant temporarily in the capacity of foreman of his said ranch for a period of three months, at the end of which time he expected to have engaged a permanent foreman, and having done so would send the complainant, who was then about sixteen years old, to Honolulu to take a course of study in agriculture;" that at the end of the period of three months aforesaid, and on or about December 1, 1914, Baker told the complainant "that it would be better to give up the idea of taking the course in agriculture and to remain in the employ of him, the said John T. Baker, upon his said ranch and * * * that if the complainant would accept such employment without wages he, the said John T. Baker, would furnish the complainant with food and clothing and furthermore would devise and bequeath

to the complainant in and by his will his said ranch;"
that the complainant did thereupon accept this offer "and
in pursuance thereof did immediately enter upon such
employment and thereafter until the death of said John
T. Baker * * * the complainant in accordance with his
said agreement remained continuously in the employ of
the said John T. Baker upon his said ranch and during
the last two and a half years of the lifetime of the said
Baker the complainant had the sole charge and full
responsibility of the management of said ranch and at all
times performed his duties to the satisfaction" of Baker;
that pursuant to the agreement Baker furnished com-
plainant with food and some clothing but did not pay to
the complainant any wages; that in fulfillment of the
agreement Baker on May 14, 1921, executed a will, por-
tions of which are quoted in the bill but need not be set
forth in this opinion; that in violation of the agreement
Baker on September 3, 1921, executed a codicil to the said
will revoking the clauses of the will which contained the
provisions in the complainant's favor and devising practi-
cally all of his ranch to persons other than the complain-
ant. The prayer of the bill is that a decree be entered
declaring the respondents to be trustees for the complain-
ant with respect to the said 300-acre tract and the per-
sonalty above mentioned and directing them to make,
execute and deliver such written instruments as may be
necessary to vest the legal title to the property in the
complainant and that in so far as respondents may be
unable to make delivery of the personal property they be
decreed to pay the value thereof to complainant.

To this bill the respondents demurred on the following
grounds: (1) that there is no equity in the bill; (2) that
the bill does not state facts sufficient to constitute a cause
of action in that it appears from the bill that the alleged
promise or undertaking of Baker was not in writing;

(3) that as to the personalty described in the bill there is no allegation that Baker promised or undertook to bequeath the same to the complainant; and (4) that the complainant has a plain, adequate and complete remedy at law.

The court below overruled the demurrer and allowed an interlocutory appeal to this court, which appeal was duly taken and perfected.

It is well settled that, generally speaking, an agreement to devise land to a particular person is valid and enforceable in a court of equity. *Emery* v. *Darling,* 50 Oh. St. 160, 166; *Stellmacher* v. *Bruder,* 95 N. W. 324, 325; *Oswald* v. *Nehls,* 233 Ill. 438, 443; *Best* v. *Gralapp,* 69 Neb. 811, 813. In strictness, in such cases, there can be no decree that the agreement be specifically performed, for the obvious reason that, the promisor being dead, a will cannot now be executed; but the court attains the same end by declaring that the promisor's heirs, devisees or trustees, as the case may be, hold the property in trust for the promisee and by ordering the execution of such instruments as may be necessary to transfer the legal title to the promisee. *Best* v. *Gralapp, supra; McCabe* v. *Healy,* 138 Cal. 81, 84. The principles involved in a suit for the enforcement of an agreement to devise land and those involved in defense of such a suit are substantially the same as those which apply in the case of a contract to convey land and in the defense of a suit to enforce such a contract. If the promise to devise is oral the same exceptions or apparent exceptions may be resorted to by a complainant to take the case out of the statute of frauds. For example, if there is a memorandum or note in writing, such as the statute refers to, although not itself constituting the agreement sued upon, the agreement may be enforced; and so also if there has been part performance of the contract within the meaning of the familiar doc-

trine on that subject complainant will be granted the relief prayed for. *Stellmacher* v. *Bruder, supra,* p. 325; *Horton* v. *Stegmyer,* 175 Fed. 756, 760; *Berg* v. *Moreau,* 199 Mo. 416, 433.

In the case at bar the agreement was not in writing. It is claimed, however, by the complainant that the will made in May, 1921, constitutes a sufficient written memorandum or note of the agreement. In behalf of the respondents it is urged that the will does not constitute such a memorandum, first, because there is no reference therein to the agreement or to the terms thereof and, second, because the devise as found in the will is not of the same property which under the alleged agreement was promised to the complainant. It is unnecessary to pass upon this point because it clearly appears from the facts stated in the bill that there has been such a part performance of the agreement as will justify and require the grant of relief by a court of equity.

It appears from the bill that the complainant from December, 1914, until Baker's death in September, 1921, —a period of nearly seven years—performed faithfully and satisfactorily to Baker all of the services which under the agreement he had undertaken to perform; that he received for such services no wages or other monetary compensation whatever but simply received from Baker his food and some clothing. More nearly complete performance by the promisee could not have been rendered. He did all that on his part was required under the terms of the contract. At this point the respondents say that the value of the services so rendered are readily ascertainable in terms of money and that therefore under one of the doctrines of equity in such cases the complainant must be left to his remedy at law by an action for damages to be measured by the value of his services and cannot maintain a suit in equity. It has, indeed, often been held

that where the services rendered by the promisee are of such a nature that their value in money is easily ascertainable the complainant must be relegated to his remedy at law; but it has likewise often been held that where the services have been fully performed and are of such a peculiar nature that their value is not easily measurable in terms of money (see, for example, *Haubrich* v. *Haubrich,* 136 N. W. 1025, 1026, and *Berg* v. *Moreau, supra*) or where (the services having been fully performed) the circumstances surrounding the entry by the promisee into the agreement are such that the court cannot restore the promisee to the situation in which he was when the agreement was made or compensate him in damages, this is sufficient part performance to justify the interference of equity. 25 R. C. L. 308; *Rhodes* v. *Rhodes,* 3 Sandf. Ch. 279, 284; *Schoonover* v. *Schoonover,* 86 Kans. 487, 489; *O'Connor* v. *Waters,* 88 Neb. 224, 228; *Teske* v. *Dittberner,* 70 Neb. 544, 548; *Vreeland* v. *Vreeland,* 53 N. J. Eq. 387, 389; *Cooper* v. *Colson,* 105 Am. St. Rep. (N. J.) 660, 665; *Gladville* v. *McDole,* 247 Ill. 34, 41; *Fred* v. *Asbury,* 152 S. W. (Ark.) 155, 157; *Brinton* v. *Van Cott,* 8 Utah 480, 487.

In the case at bar the additional facts exist that the complainant at the time of entering into the agreement was sixteen years of age and intended or desired to proceed, upon the completion of his three months' preliminary term of employment under Baker, to a suitable institution of learning and there take a course of study in agriculture, thus better fitting himself for his life-work; that, induced by the promise of Baker to convey to him the ranch, the complainant confined himself to work on the ranch of such limited and special character as is required or permitted by that occupation and thereby wholly surrendered and lost the opportunity to improve his mind and his capacity to take care of himself and of

any who might thereafter become dependent upon him. These are peculiar circumstances. It cannot in any correct sense be said that by paying the complainant the mere money value of such ranch work as he performed he will be made whole or that thereby he will be restored to the same situation that he was in when he accepted Baker's offer of employment. His situation is now entirely changed. The opportunity for study, with the enthusiasm of youth and without the influences that have necessarily been exercised upon him by his occupation on the ranch, is irretrievably lost. To compel him to now accept the mere money value of his services as a ranchman and to deny to him the enforcement of Baker's promise to devise this property to him would be to work a fraud upon the complainant and to enable Baker's devisees or other successors in interest to take an unconscionable advantage of the complainant. Courts of equity will not permit the statute of frauds to be so applied as to make it an instrument of fraud. *Whitney* v. *Hay,* 181 U. S. 77-91; *Berg* v. *Moreau, supra.*

It is claimed by the respondents that there can be no sufficient part performance unless there was in Baker's lifetime a transfer of the possession of the property from the promisor to the promisee. We do not so understand the law. Transfer of possession does in many instances constitute part performance, but it is not essential thereto. *Bryson* v. *McShane,* 48 W. Va. 126, 130; *Schoonover* v. *Schoonover, supra; Gladville* v. *McDole, supra,* p. 42. Part performance may be found in other acts and circumstances. In the contract now under consideration it was contemplated that Baker would remain in possession until his death and any taking of possession by the complainant in his own right prior to Baker's death would have been in contravention of the terms of the agreement.

The respondents' contention that there is no allegation of any undertaking by Baker to bequeath to complainant the personal property enumerated in the bill of complaint cannot be sustained. The promise as alleged was to devise "his said ranch." Ordinarily by the word "ranch" is understood not merely the land but also the cattle and other personalty upon it and used in connection with and as a part of the establishment. Other allegations of the bill sufficiently show that the personalty in question was a part of Baker's ranch.

In the final analysis, in each suit for specific performance, or its equivalent, of contracts of this general nature a court of equity must use its discretion in determining whether upon all of the circumstances of the particular case the contract should or should not be specifically enforced. 25 R. C. L. 590. In the case at bar, under the circumstances, it is our judgment that the contract should be enforced.

The decree appealed from is therefore affirmed.

*Robertson & Castle* for petitioner.

*W. H. Smith* for respondents.