GEORGE VIERRA *v.* OLIVER T. SHIPMAN, SAMUEL KAUHANE AND ADAM C. BAKER, TRUSTEES UNDER THE WILL OF JOHN T. BAKER, DECEASED.

No. 1438.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. J. J. BANKS, JUDGE.

ARGUED JUNE 15, 1923.                    DECIDED SEPTEMBER 14, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

SPECIFIC PERFORMANCE—*oral contract to devise land—sufficiency of evidence.*

Upon the evidence adduced the allegations of a bill for the specific performance of an oral contract to devise land are found to be proven to the satisfaction of the court.

OPINION OF THE COURT BY PERRY, J.

This is a bill in equity for the specific performance of an oral agreement to devise land in consideration of the performance of certain services by the complainant.

Upon an interlocutory appeal from an order overruling a demurrer to the bill of complaint, we have held in this case (26 Haw. 369) that generally speaking an agreement to devise land to a particular person is valid and enforceable in a court of equity; that in such a case the property in the hands of the representatives of the deceased promisor is regarded as impressed with a trust in favor of the promisee; that if a promise to devise is oral, part performance will justify enforcement by a court of equity; that the statute of frauds is not to be so applied as to render it an instrument of fraud; that transfer of possession from the promisor to the promisee is not essential to part performance of an oral agreement to devise land; that in this case transfer of possession from the promisor in his lifetime to the promisee would have been in contravention of the agreement between the promisor and the promisee since the agreement contemplated that the promisee should act as foreman for the promisor of the cattle ranch in question; and that upon the averments of the bill of complaint to the effect that at the time of the making of the promise sued upon the promisee was sixteen years of age and planned to take, if possible, a course of study in agriculture, that the acceptance by him of the promisor's promise and the performance of his duties on the ranch under the agreement necessarily rendered impossible any course of study as planned and that for about seven years, until the death of the promisor, the complainant fully performed all of the duties required of him by the agreement, there was part performance and the complainant was entitled to the relief prayed for. Upon the present appeal from the final decree it simply remains to consider whether the evidence adduced sustains the averments of the complaint.

After hearing evidence, the trial judge held that the

allegations of the bill had been proven and granted a
decree as prayed for.

The only evidence adduced on behalf of the respond-
ents was that by one of the trustees to the effect that
shortly after the death of the decedent, at a meeting at
the witness' office attended by the witness, the attorney for
the respondents and five other persons, the will was read
in the hearing of the petitioner and that the latter made
no statement at that time to the effect that the decedent
had promised to devise the ranch to him, said that he
"was going to look after the ranch" and "made some
inquiries about the disposition of the stock and cattle."
At that meeting the petitioner was not represented by
counsel and it may well be that his failure to then assert
his claims under the oral agreement is to be explained by
his ignorance of his legal rights and of correct procedure
under the circumstances. In any event, the evidence in
support of the bill is too clear and strong to be success-
fully answered by this mere failure of the complainant
at the time stated to assert his rights. The complainant's
own testimony was direct and in itself substantiated all
of the allegations of the bill. It was amply corroborated
by the testimony of J. F. Woods, a well known resident of
the district in which the ranch is situated and an intimate
friend of the decedent, and by that of Mrs. George Hall
and Phoebe K. Kakane, both disinterested witnesses, and
Laie Kealoha, mother of the complainant. All of these
witnesses testified to statements by the decedent to the
effect that during all of the period of his service on the
ranch the petitioner received no compensation other than
food and clothing, that his services were at all times emi-
nently satisfactory to the decedent and that the decedent
had promised to devise the ranch to him. It is clear and
undisputed that the plaintiff rendered the required ser-

vices on the ranch for a period of nearly seven years next preceding the decedent's death.

In May, 1921, the decedent executed a will whereby he bequeathed to the complainant "all of my cattle, horses and personal property which at the time of my death shall be upon" the ranch in question,—"to him and his heirs absolutely;" and whereby he devised to the complainant "that certain parcel of land situate at Waimea, South Kohala, Hawaii, described in land patent No. 4955, containing an area of 10.013 acres, and also all of my portion of the said Ahupuaas of Waikoekoe and Lalakea, at Mahiki, which shall not be under lease at the time of my death, to have, hold and enjoy the said properties during his lifetime, with the remainder over to my residuary trust estate if he shall die before the termination of the trust hereinafter created, or if he shall survive all of my nephews and niece hereafter named then with remainder over to their lawful heirs after his death share and share alike." The lands referred to in this devise are the lands comprising the cattle ranch of the decedent and the same lands referred to by him in his oral promise to the complainant. Passing by, as we did in the consideration of the demurrer, the question of whether or not this will constitutes in itself a sufficient memorandum to take the case out of the statute of frauds, the fact remains that the making of these provisions in favor of the complainant was evidence corroborative of his testimony at the trial and of that of the other witnesses called in his behalf.

We are not unmindful of the possibilities of perjury in cases of this general nature but feel entirely satisfied after a careful study of all of the evidence adduced that this is not a case based upon perjury and that the facts were in reality as alleged in the bill of complaint. There is not even a substantial conflict between the evidence for the complainant and that adduced by the respondents. Being

thus satisfied, from the evidence, of the truth of the petitioner's complaint, we know of no rule of law or of evidence such as is contended for on behalf of the trustees requiring proof of any "visible facts" or "patent facts," as distinguished from anything said by either party as to the existence or contents of the contract sued on, in order to justify the granting of the relief prayed for. It amply appears from the evidence that at the time of the making of the promise sued upon the petitioner was sixteen years of age and entertained plans of a higher education than he then possessed and that these plans were not without reasonable prospects of being carried out. His seven years of continuous service on the decedent's ranch in pursuance of the promise now sued on rendered impossible any course of study as planned. The damages suffered by him are not susceptible of accurate ascertainment in terms of money and are therefore irreparable. Under these circumstances equity will grant relief.

The decree appealed from is affirmed.

*A. G. M. Robertson* (*Robertson & Castle* on the brief) for petitioner.

*W. H. Smith* (also on the briefs) for respondents.