[No. 6,814.—In Bank.]

## EDWARD WIARD v. HARVEY S. BROWN ET AL.

CONTRACT—PROPOSAL—ACCEPTANCE—CANCELLATION—CLOUD UPON TITLE—ACTION—AGENT.—The plaintiff signed and delivered to K. a writing purporting to be an agreement to sell certain land to one B., but the Court found in substance that it was only a proposal or offer in writing given to K., who, as the plaintiff believed, was acting as his agent. The paper was sent to B., who, after reading it and approving of its form, returned it to K. without accepting or agreeing to accept it, and K. thereupon repudiated his agency and had the document recorded, claiming that it was a subsisting contract in which he was interested. Thereupon the plaintiff withdrew his proposal and commenced an action for the cancellation of the document; and afterwards K. caused the document to be assigned by B. to one G., who, after offering to perform, filed a cross-complaint for specific performance: *Held:* The plaintiff was entitled to a cancellation of the document.

ID.—ID.—ID.—AGENT.—When a person *as* agent for another receives a paper to be used as a proposal or offer to sell land to a third party at a fixed price, he can not, after the party to whom the offer is made fails or refuses to accept it, exercise the power conferred by his position to use the paper for his own advantage, and for an entirely different object to that for which he obtained it.

ID.—ID.—ID.—CANCELLATION—CLOUD UPON TITLE—ACTION.—Wherever an instrument of writing exists, which has been obtained without consideration or has become a nullity, or which, if left outstanding, may cause injury to a plaintiff, or may be vexatiously used against him, after the evidence to impeach or invalidate it is lost, or may throw a cloud or suspicion over his title, a Court of Equity will afford relief by ordering it to be delivered up and canceled.

APPEAL from a judgment and order denying a new trial in the Third District Court, Alameda County. McKEE, J.

*J. G. McCallum,* for Appellants.

*E. J. &. J. H. Moore,* for Respondents.

McKEE, J.:

This is an appeal from a judgment, directing a paper, which constituted the subject-matter in controversy between the parties, to be delivered up and canceled, and from the order denying a motion for a new trial.

The notice of intention designated as grounds on which the motion for a new trial would be made: insufficiency of the evidence to sustain the findings, and errors in law occur-

ring at the trial and before judgment. But there is no bill of exceptions or statement on motion for a new trial, and consequently no assignment of errors to be found in the transcript. The case is, therefore, before us on the judgment roll only.

By the roll it appears that the object of the action was to obtain a decree for the cancellation of the following paper, which was signed by the plaintiff, viz.:

OAKLAND, July 18th, 1877.

"In consideration of one dollar to me in hand paid, the receipt of which is hereby acknowledged, I hereby contract and agree to sell H. S. Brown, his heirs or assigns, about fifty-six acres of my land, including race-track and improvements, for one hundred and twenty-five thousand dollars, U. S. gold coin, twenty-five thousand dollars to be paid on or before October 1st, and the balance to be secured by mortgage on said land."

The complaint alleges, and it is not denied by the answer, that the paper was executed without consideration, and was never delivered to the defendant Brown; and the Court below found, in substance, that it was only a proposal or offer in writing, made by the plaintiff, and given to the defendant Kennedy, who, as the plaintiff believed, was acting as his agent to communicate it to Brown. Kennedy, having received it for that purpose, sent it to Brown, who read it and approved of the form of it, but immediately sent it back to Kennedy without assenting to its terms, or accepting or agreeing to accept it, and Brown never did, by word or act communicated directly or indirectly by him to the plaintiff, accept the same or agree to accept it.

After the paper had been returned to Kennedy, he denied that he was acting as the agent of the plaintiff, and kept possession of the paper, had it acknowledged by an attesting witness, and recorded, and gave out that it was a subsisting contract between the plaintiff and Brown, in which he and one Putnam were interested with Brown. But neither Brown, nor Kennedy, nor Putnam ever, by word or act, communicated to the plaintiff, accepted, or agreed to accept the proposal. There was, therefore, no mutuality between them, or any of them, and the plaintiff.

Under these circumstances, when the plaintiff discovered that Kennedy had had the paper recorded, he immediately withdrew it as a proposal, and commenced the action for its cancellation. Kennedy, by a verified answer, alone answered the complaint in the action, for himself and Brown. But, before answering, he caused the paper to be transferred by Brown to one Gaskill, who, before the 1st of October, 1877, went through the form of offering to pay plaintiff the money mentioned in the proposal, and to comply with its terms, and afterwards, being admitted as a party defendant to the action, filed a cross-complaint for a specific performance of the paper as a contract. But the Court, finding that Gaskill took nothing by the assignment from Brown, and that his offer to pay was not made in good faith, and was one which he had not the ability to perform, refused specific performance, and decreed that the paper be delivered up and canceled as a cloud upon the title of the plaintiff.

In this there was no error. When a person as agent for another receives a paper to be used as a proposal or offer to sell land to a third party at a fixed price, he can not, after the party to whom the offer is made fails or refuses to accept it, exercise the power conferred by his position to use the paper for his own advantage and for an entirely different object to that for which he obtained it. Having received it as a proposal, he will not be allowed to have it acknowledged by an attesting witness and recorded as a subsisting contract between himself and his principal and others who never assented to its terms or accepted it. As the party to whom the offer was made had never accepted or agreed to accept it, there was no obligation, in connection with it, imposed upon him by law; and there existed, between him and the party who made the offer, no contract, for a breach of which one or the other could maintain an action, and no reciprocity or mutuality upon which a court of equity could decree a specific performance. Nor had he any transferable interest in it; and his assignee took nothing by his assignment; especially as the assignment was made after the offer had been withdrawn, and while suit was pending for the cancellation of the paper itself.

And while it is true that the paper in question was *prima*

*facie* evidence of consideration, and recited a nominal consideration, yet as the defendants had, by their answer, admitted that it was given without consideration, it was a nullity, which a court of equity, in the exercise of its discretion, could control for the protection of the rights of the party against whom it was outstanding. Wherever an instrument of writing exists, which has been obtained without consideration, or has become a nullity, or which, if left outstanding, may cause injury to a plaintiff, or may be vexatiously used against him, after the evidence to impeach or invalidate it is lost or may throw a cloud or suspicion over his title, a court of equity will afford relief by ordering it to be delivered up and cancelled. (§ 3412, C. C.; 2 Story's Eq., § 705.)

Judgment and order affirmed.

MYRICK, J., SHARPSTEIN, J., and MORRISON, C. J., concurred.