[No. 12755.   Department One. — June 3, 1890.]

## JOHN H. McMENOMY, Respondent, v. C. F. A. TALBOT et al., Appellants.

Statute of Frauds — Pleading. — A complaint on a contract within the statute of frauds need not allege that such contract was in writing. It will be presumed on demurrer to have been in writing.

Id. — Sale of Goods — Acceptance and Receipt. — When the buyer accepts and receives the goods, a writing is not necessary.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Henry McCrea*, for Appellants.

*J. H. Dickinson*, for Respondent.

Hayne, C.— This was an action for $528.95 for goods sold and delivered. The defense was a breach of warranty of quality. The plaintiff had a verdict and judgment for the amount claimed, and the defendants appeal.

1. It is objected that the complaint does not allege that the contract was in writing, and that the contract was required to be in writing, because the price was more

than two hundred dollars. Even if the contract was required to be in writing, it was not necessary for the complaint to allege that it was written. . (*Wakefield* v. *Greenhood*, 29 Cal. 599.) · But the contract was not required to be in writing, for the buyer accepted and received the goods. And if it were otherwise, there is no specification of the insufficiency of the evidence in this regard.

2. It is claimed that the verdict is not supported by the evidence.

The defendants admitted at the trial that the goods were sold and delivered as alleged, and that they had not been paid for. And the plaintiff agreed that if they were of bad quality he was not to recover for them. Thus the sole question submitted to the jury was as to the quality of the goods. In relation to this question the defendants introduced the depositions of four witnesses to whom defendants had resold the beef, that part of it was bad and unfit for use, and proved by three witnesses, that defendants had had to make good the loss.

In opposition to this, the plaintiff testified as follows: "All the beef included in the bill of items, exhibit A, was A No. 1, and in good condition at the time when I sold it to defendants; it was cured and packed under my supervision by my assistant, George B. Francisco, and myself." And it was admitted "that said George A. (?) Francisco, if present in court, would testify the same as plaintiff regarding the condition, quality, and packing of said beef."

The jury evidently believed the plaintiff, and we think the case fairly within the rule as to conflict of evidence.

We therefore advise that the judgment and order appealed from be affirmed.

Foote, C., and Belcher, C. C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.