[Civ. No. 2905.    Second Appellate District, Division Two.—May 12, 1919.]

ALBERT M. RUNDELL, Appellant, v. ALBERT W. McDONALD, as Administrator, etc., et al., Respondents.

[1] CONTRACTS—GRANT OF PROPERTY IN CONSIDERATION OF AGREEMENT TO MAKE WILL—VALIDITY OF.—An agreement to convey real property in consideration of an agreement on the part of the grantee that she will devise such property to the grantor free and clear of all encumbrances on her death, and without other consideration,

when properly evidenced, is valid and binding and may be enforced by a court of equity.

[2] ID.—ALLEGATION OF DUE EXECUTION—STATUTE OF FRAUDS—PRESUMPTIONS.—Under the allegation in a complaint of due execution of a given contract, it will be presumed that the contract was made in compliance with the statute of frauds.

[3] ID.—EXECUTION OF WILL PURSUANT TO AGREEMENT—RESULTING TRUST—SUBSEQUENT MARRIAGE.—The execution of an agreement to convey real property in consideration of an agreement on the part of the grantee that she will devise such property to the grantor free of encumbrances on her death, followed by the execution of the will in pursuance thereof, creates a resulting trust under sections 2221 and 2222 of the Civil Code, notwithstanding such will may be revoked by the subsequent marriage of the grantee.

[4] ID.—RECITAL IN DEED OF CONSIDERATION—TITLE UNDER COLLATERAL CONTRACT—ADMISSIBILITY OF PAROL EVIDENCE.—While the consideration recited in a deed cannot be disputed so as to destroy the operation of the deed, parol evidence is admissible to establish the conditions governing the title under a collateral contract between the parties.

APPEAL from a judgment of the Superior Court of Santa Barbara County. S. E. Crow, Judge. Reversed.

The facts are stated in the opinion of the court.

B. F. Thomas for Appellant.

Fred H. Schauer and Francis Price for Respondents.

SLOANE, J.—This is an appeal from a judgment entered against plaintiff after general demurrer was sustained to his complaint, without leave to amend.

The only question to consider is the sufficiency of the complaint to state a cause of action. The parties to the appeal are the plaintiff and the defendant McDonald as administrator and in person.

The complaint alleges the following: On the 20th of February, 1912, plaintiff was the owner of a house and lot in Santa Barbara, California, of the value of three thousand dollars; on or about that date he entered into an agreement with Mary Ann Rundell, his aunt—who was also his stepmother, the widow of his father—whereby he agreed to convey this house and lot to her in consideration of an

agreement on her part that she "would devise by her last will and testament said parcel of land to plaintiff free of any and all conditions and encumbrances on her death." Pursuant to said agreement, and without other consideration, the plaintiff did thereupon grant and transfer the premises to the said Mary Ann Rundell by a deed, a copy of which is attached to the complaint; on the seventh day of May, 1914, said Mary Ann Rundell, in pursuance of said agreement on her part, executed her holographic will whereby she did devise said parcel of land to the plaintiff, a copy of the will being attached as an exhibit to the complaint; on the sixth day of June, 1914, Mary Ann Rundell intermarried with Albert W. McDonald. She died some time prior to October 13, 1915, without having made any further will or other disposition of her estate, which consisted of nothing of value outside of her interest in this real property, leaving as her heirs her surviving husband, Albert W. McDonald, and the plaintiff, Albert M. Rundell, Fred Rundell, and Alice Cotton, children of her deceased sister, and a half-brother, James A. McGee. Letters of administration were issued on her estate to the surviving husband, Albert W. McDonald, it being alleged in the petition therefor that she died intestate. The action was brought against Albert W. McDonald, as administrator, and against Albert W. McDonald, Alice Cotton, Fred Rundell, and James A. McGee in person, plaintiff subsequently dismissing as to the latter three.

Under this state of facts, as more fully pleaded, the plaintiff asks judgment that the defendants hold this real property in trust for plaintiff; that a conveyance thereof to plaintiff be decreed, and that he have such other relief as he may be entitled to under the pleadings.

[1] That a contract of this character, when properly evidenced, is valid and binding and may be enforced by a court of equity unless superior equities have intervened is not disputed by respondent, and if it were disputed, is sustained by too great a weight of authorities to be open to discussion. (*Owens* v. *McNally*, 113 Cal. 444, [33 L. R. A. 369, 45 Pac. 710]; *Steinberger* v. *Young*, 175 Cal. 81, [165 Pac. 432]; *Keefe* v. *Keefe*, 19 Cal. App. 310, [125 Pac. 929]; *McCabe* v. *Healy*, 138 Cal. 81, [70 Pac. 1008]; *Rogers* v. *Schlotterback*, 167 Cal. 35, [138 Pac. 728]; *Mon-*

*sen* v. *Monsen,* 174 Cal. 97, [162 Pac. 90].) The rule as settled in this state is set forth by Mr. Chief Justice Angellotti in *Rogers* v. *Schlotterback, supra,* as follows: "Suffice it to say if such contract may fairly be said to be clearly and satisfactorily shown, if it is clear, certain, and definite in its terms, and if specific performance would not be harsh and oppressive and unjust to innocent third parties, the contract, even when resting in parol, will be enforced, not by ordering a will made, but by regarding the property in the hands of the heirs, devisees, assignees, or representatives of the deceased promisor, as impressed with a trust in favor of the plaintiff, and by compelling the defendant, who must of course belong to some one of these classes of persons, to make such disposition of the property as will carry out the intent of the agreement."

On this appeal the question of the statute of frauds is not involved, as it does not appear from the complaint that the contract was not wholly in writing, and no question on this point, or as to the application of subdivision 7 of section 1973 of the Code of Civil Procedure, was or could be raised by demurrer. [2] The law presumes, under the allegation of due execution, that the contract was made in compliance with the statute of frauds. (*McMenomy* v. *Talbot,* 84 Cal. 279, [23 Pac. 1099]; *Alaska Salmon Co.* v. *Standard Box Co.,* 158 Cal. 567, [112 Pac. 454].)

We have, therefore, in the pleadings here a statement of facts setting forth a valid and binding agreement to devise this property to the plaintiff, and under conditions which appeal most strongly to every natural sentiment of equity and fair dealing for its enforcement, and which the promisor proceeded to carry out by the execution of a sufficient will for that purpose. It is contended, however, that the will which was executed by Mary Ann Rundell in compliance with her agreement was revoked by operation of law, under the provisions of section 1300 of the Civil Code, upon her marriage to the defendant McDonald, and that at her death the situation of the parties was the same as though she had made no attempt to devise this property. Assuming this to be the fact, does any condition arise from this subsequent marriage, and the presumptive right of her husband to succeed to one-half of her estate, to defeat the equities of the plaintiff in his attempt to enforce this agree-

ment against the heirs? The respondent McDonald contends that these subsequent conditions are a bar to plaintiff's right to enforce his contract, and relies upon the doctrine laid down in *Owens* v. *McNally*, 113 Cal. 444, [33 L. R. A. 369, 45 Pac. 710], and later cases affirming the position of the supreme court in that decision, to support this contention.

We believe there are material points of distinction between the respective equities as shown in *Owens* v. *McNally* and all the other cases cited to the same point, and those apparent in the case at bar. First, it may be questioned if the existence of a defense of conflicting equities arises on a general demurrer to this complaint. Does the mere fact of the marriage of the promisor since the making of this contract, and that her husband is living and presumptively an heir, establish inequity and unfairness in plaintiff's claim, or should the point be met on issues raised by an answer? Does any presumption exist that McDonald had not, previous to his marriage, notice of the status of this real property, or, in the absence of special demurrer, is the burden upon the plaintiff to allege such notice in his complaint? But passing this question, which is not raised by either of the parties, it may confidently be said that many points of distinction, going to the respective equities, exist between the circumstances involved in *Owens* v. *McNally*, *supra*—which is the strongest case cited in behalf of respondent here—and the facts as pleaded in this complaint.

In the case cited it seems clear that the court refused specific performance of the agreement to make a will in plaintiff's favor because the enforcement of the agreement "would be harsh, oppressive, and unjust to innocent third parties." In that case the promisor had, at the time of his death, accumulated an estate of some twenty thousand dollars in value, no part of which had been contributed by the plaintiff. As the court, in its opinion, says, there was much "vagueness and uncertainty" as to the services to be rendered by the plaintiff in consideration of the promise to make a will in her favor. Neither the length of time which plaintiff was to spend in living with and caring for the intestate is made certain, nor the kind or character of the services which she was to render. Moreover, "the defendant widow married McNally in ignorance of the con-

tract, and, it appears, continued in ignorance of the contract until after his death. She acquired distinct rights of heirship and succession," and an enforcement of the contract would have deprived her of any share of the estate, entirely irrespective of the value of the services that had been rendered by plaintiff in pursuance of the agreement for a will in her favor. And, finally, the plaintiff had her recourse for just compensation by resort to an action in *quantum meruit*.

In the case at bar, the plaintiff had, without consideration—or, at best, for a nominal consideration—bestowed upon the promisor the entire property he was to receive back under the will. There is no question as to the precise consideration for the promise and the entire fulfillment of consideration by plaintiff. He gave to the promisor this specific real estate on the condition that she should return it to him at her death by devise. She promised that he would receive his property back in kind, "free from conditions or encumbrances," thus negativing the presumption that the agreement was made in contemplation of its defeat by her subsequent marriage, if such marriage should occur. It does not appear that the defendant McDonald did not have knowledge of the agreement regarding this property at the time of his marriage with Mary Ann Rundell, and whatever legal rights to succeed to a part of her estate may have been conferred upon him by marriage, it would never occur to a normal mind that there was anything "harsh, oppressive, and unjust" in returning this property to the one who was, by virtue of contract and good conscience, entitled to it, rather than to pass it on, by succession, to a man who is only related to it by marriage. And, finally, it appears that this parcel of land is the only property of value in the estate, and if the plaintiff cannot recover it in this action, he is without recourse, even if any other right of action exists.

The distinctions referred to, we believe, are, in themselves, sufficient to remove this case from the limitations upon relief by specific performance recognized in the authorities cited and relied upon by respondent.

But there is another aspect of this appeal which is deserving of attention. A valid agreement to devise this property to plaintiff, as shown by the complaint, was not only entered

into but it was executed, so far as it could be, in the lifetime of the promisor by the making of her will devising this property to plaintiff. It is argued by appellant that this will, having been made under a contract for a good and sufficient consideration, was irrevocable by any act of the testator, or even under the provisions of section 1300 of the Civil Code, by operation of law. There is ample authority for the proposition that a devise of real estate, made in pursuance of such a contract as shown here, may be held irrevocable by any direct act of the testator. (1 Page on Contracts, sec. 19; 40 Cyc. 2117; 1 Jarman on Wills, 18; *Hudnall* v. *Ham,* 183 Ill. 486, [75 Am. St. Rep. 124, 48 L. R. A. 557, 56 N. E. 172]; *Bird* v. *Pope,* 73 Mich. 483, [41 N. W. 514]; *Baker* v. *Syfritt,* 147 Iowa, 49, [125 N. W. 998]; *Bolman* v. *Overall,* 80 Ala. 451, [60 Am. Rep. 107, 2 South. 624]; *Chase* v. *Stevens,* 34 Cal. App. 98, [166 Pac. 1035].) In the California case last cited it was held that the contract will could not be revoked by testator, and was entitled to probate as against a subsequent will purporting to revoke the former. It seems generally to have been held, however, that a revocation by subsequent marriage operates even against a will made in pursuance of a valid contract supported by valuable consideration paid. None of the decisions in this state relating to revocation by marriage involve the question of contractual obligations (*Corker* v. *Corker,* 87 Cal. 643, [25 Pac. 922]; *Sanders* v. *Simcich,* 65 Cal. 50, [2 Pac. 741]; *In re Comassi,* 107 Cal. 1, [28 L. R. A. 414, 40 Pac. 15]), but the reason for the operation of the statute seems to be based upon public policy, which disapproves the determination before marriage of the rights of future husband, wife, or children to participate in the benefits of the testator's estate. It is presumed that a will so made is in contemplation of its annulment in the event of subsequent marriage. We have no doubt of the operation of the statute in the revocation of the will in the case before us, for the reason that it purports to dispose of all of the estate of the testator, and, after devising the land in question here, contains other bequests and a residuary clause which are not affected by the contract with plaintiff, and against which the rights of the surviving husband would doubtless prevail. It is true that there does not appear to be any known property of value affected by the will other

than this land, but in its terms the will disposes of other estate. However, it does not follow that the annulment of the writing as a will entirely destroys its operation as a contract. It may be effective as to the statute of frauds, if that question should arise. It may operate as establishing a resulting trust in the property; it may have the effect of an equitable assignment of the title to the real property devised to plaintiff. It was held in *Hudnall* v. *Ham,* 183 Ill. 486, [75 Am. St. Rep. 124, 48 L. R. A. 557, 56 N. E. 172], by the supreme court of Illinois, that a will thus executed under contract was revoked by subsequent marriage of the testator, but that it could still be considered, in connection with certain releases by the wife of claim on her husband's estate, as conveying to the beneficiaries an equitable title to the property.

In *Lant's Appeal,* 95 Pa. St. 279, [40 Am. Rep. 646], where there had been a parol antenuptial agreement between the affianced couple that the woman could dispose of her estate as she saw fit, it was held that the will so made by the woman was revoked by the subsequent marriage, but that its provisions could be enforced in equity as an antenuptial contract. It is true that the doctrine stated in these cases is coupled with a relinquishment of the equities of the other spouse in the testator's estate, but they go to the extent of holding that, in the absence of such equities, the will, though inoperative as such by reason of marriage subsequent to its execution, has not become ineffective to sustain rights of those claiming under it.

None of the cases that have come to our attention deals with a devise of property the title to which, at the time of the contract, was wholly in the party claiming under the will, and which was transferred to the testator solely on condition that the specific property should be given back under the will.

[3] We can see no reason why such an agreement as this, and the execution of the will in pursuance thereof, does not create a resulting trust under sections 2221 and 2222 of the Civil Code, or why the defendant is not bound in this matter under Civil Code sections 1573 and 2224. The circumstances as pleaded strongly suggest the existence of a confidential relation between the plaintiff and his aunt and stepmother creative of obligations under sec-

tions 2216 and 2219 of the Civil Code, but they probably rest more on inference than upon any sufficient allegations of the complaint.

We doubt if the policy of the law which declares the revocation of the will of an unmarried woman by her subsequent marriage was ever intended to apply to a devise of property which was conveyed to her without consideration and upon the express condition that she should return it in kind to the donor at her death. There is no authority before us which holds that the revocation of such a will by operation of law revokes the contract or obligation under which it was made. If this will was extinguished by the marriage of the testator, the law permitted her immediately thereafter to make another just like it, and the obligations of contract and conscience demanded it of her. It is an entirely different condition from that arising on a promise to leave one's own and indefinite estate at death in compensation for an unliquidated obligation for services rendered or to be rendered to the testator. It is a contract fixing a present obligation upon specific property.

There can be no question here of the showing by the complainant that the consideration for this deed was merely nominal, and we are of the opinion that he is entitled to show, under his averment to that effect, that his conveyance to the testator was purely voluntary and without any valuable consideration. [4] The authorities cited by respondent go to the rule that the consideration recited in a deed cannot be disputed so as to destroy the operation of the deed. There is no attempt here to defeat the deed, but merely to establish the conditions governing the title under a collateral contract between the parties, and parol evidence is admissible for such purposes. (*Coles* v. *Saulsby,* 21 Cal. 47; *Brison* v. *Brison,* 75 Cal. 525, [7 Am. St. Rep. 189, 17 Pac. 689] ; *Wiard* v. *Brown,* 59 Cal. 194; *Carty* v. *Connolly,* 91 Cal. 18, [27 Pac. 599] ; *Arnold* v. *Arnold,* 137 Cal. 297, [70 Pac. 23] ; *Higgins* v. *Higgins,* 46 Cal. 259.)

From either one of the several theories of this case discussed, we are of the opinion that the complaint states a cause of action.

Judgment reversed.

Finlayson, P. J., and Thomas, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 10, 1919.

All the Justices concurred, except Melvin, J., and Olney, J., who were absent.