[Civ. No. 3869. Second Appellate District, Division Two.—July 2, 1923.]

## ALBERT M. RUNDELL, Respondent, v. ALBERT W. McDONALD, as Administrator, etc., Appellants.

[1] CONTRACTS—CONVEYANCE OF REAL PROPERTY—ORAL AGREEMENT TO DEVISE—STATUTE OF FRAUDS—EQUITY.—Where a remainderman conveys his interest in real property to the life tenant in possession, pursuant to an oral agreement that the grantee will, by her last will and testament, devise said property to the grantor, such conveyance constitutes a sufficient part performance as will in equity take the case out of the operation of the statute of frauds.

[2] ID.—KNOWLEDGE OF HUSBAND—INNOCENT THIRD PARTY—EQUITY. The fact that said grantee thereafter marries a man who is ignorant of the parol agreement of the former to devise the property to her grantor does not constitute such husband an innocent third party vested with intervening equities superior to those of the grantor.

[3] ID.— SPECIFIC PERFORMANCE — PARTIES — NONJOINDER OF HEIRS— APPEAL—WAIVER.—The grantor having commenced an action against all the heirs of the grantee to compel specific performance of the oral agreement of the grantee to devise the property to the grantor, but such action having been dismissed as to all the heirs except the surviving husband of the grantee, who answered both individually and as administrator of the estate of his deceased wife, and the husband having participated in the trial of the action without calling the attention of the trial court to the fact that the other heirs, who were not indispensable parties no longer were parties to the suit, he cannot be heard on appeal to complain that such other heirs were not before the court.

APPEAL from a judgment of the Superior Court of Santa Barbara County. S. E. Crow, Judge. Affirmed.

The facts are stated in the opinion of the court.

1. Validity of oral agreement to devise land, notes, 5 Ann. Cas. 495; 20 Ann. Cas. 1137; Ann. Cas. 1915A, 463; Ann. Cas. 1918A, 1191.

Part performance of oral agreement as taking case out of statute of frauds, note, 39 L. R. A. (N. S.) 928.

Richards, Heaney & Price, Fred H. Schauer and Francis Price for Appellants.

B. F. Thomas for Respondent.

FINLAYSON, P. J.—This is an action to enforce performance of an oral contract made by plaintiff with his aunt—who, as his father's widow, was likewise plaintiff's stepmother—whereby the latter promised to devise to plaintiff, by her last will and testament, the parcel of land in controversy. It is sought to impress the property with a trust in favor of plaintiff and thus to secure to him the benefit of the contract pursuant to which he deeded the land to his stepmother on the strength of her promise to give it back again by devising it to him. She did, indeed, make a will whereby she devised the land to plaintiff as she had agreed—a holographic will duly executed by her on May 7, 1914—but this will, by reason of the provisions of section 1300 of the Civil Code, was revoked by her subsequent marriage to appellant and was never thereafter republished. The name of the stepmother at the date of the conveyance from her stepson was Mary Ann Rundell, she being at that time the surviving wife of plaintiff's deceased father. Subsequently she married the defendant and appellant, Albert W. McDonald. Judgment passed for plaintiff and the defendant McDonald appeals.

This is the second time the cause has been before this court. The first appeal was upon a judgment entered against plaintiff after an order sustaining a general demurrer to his complaint. (41 Cal. App. 175 [182 Pac. 450].) That appeal resulted in a reversal of the judgment, and on the going down of the remittitur the defendant Albert W. McDonald, personally and as the administrator of the estate of his deceased wife, answered plaintiff's complaint. A trial was had, resulting in findings in favor of plaintiff upon all the material issues. The principal facts in the case are stated in the opinion filed in the first appeal. It therefore will not be necessary to restate them or to do aught but point out certain additional facts developed by the evidence adduced on the trial.

It now appears that the contract between plaintiff and his stepmother, in pursuance whereof he executed the deed

to her, rested in parol. Prior to and at the time of the execution of that instrument the stepmother was vested with a life estate in the land, plaintiff having deraigned his title through a deed from his father whereby the latter conveyed the land to plaintiff subject to a life estate reserved unto himself "and to his wife, Mary Ann Rundell, and to the survivor of them." The deed whereby plaintiff's father reserved this life estate was executed February 22, 1906. The father died a few months thereafter, whereupon his widow, as the survivor, became the sole owner of the life estate. On February 20, 1912, the date of plaintiff's deed to her, the stepmother was in the exclusive possession of the land as such life tenant. Subsequently, June 6, 1914, which was more than two years after plaintiff executed the deed to her, plaintiff's stepmother married the defendant and appellant, Albert W. McDonald. The trial court found, contrary to the uncontradicted evidence, that plaintiff's stepmother, prior to her marriage to appellant, informed the latter that she had devised the land to plaintiff. The evidence shows without contradiction that appellant had no knowledge of the oral agreement pursuant to which plaintiff executed the deed to his stepmother in consideration of her promise to give it back to him on her death by devising it to him.

On the former appeal this court assumed that the agreement between plaintiff and his stepmother was in writing, there being nothing to the contrary stated in the complaint. That assumption was indulged because that appeal, as we have stated, was from a judgment entered on an order sustaining a general demurrer to the complaint. It also was said on that appeal that it did not appear from the complaint that the defendant McDonald did not have knowledge of the agreement at the time of his marriage to Mary Ann Rundell. The decision on that appeal is conclusive only as to those points which are not affected by the different state of facts disclosed by the record on this appeal.

Appellant's main contentions are: (1) That the contract between plaintiff and his stepmother was not taken out of the statute of frauds; (2) that appellant, having married respondent's stepmother in ignorance of the latter's agreement to devise the property to respondent, is possessed of intervening superior equities by reason whereof a court of equity

should refuse to grant the relief sought hereby; and (3) that because respondent dismissed the action as against all of the stepmother's heirs other than her surviving husband, the judgment is against only one of several necessary parties defendant and should therefore be reversed.

[1] It is, of course, readily conceded that a parol agreement to devise or bequeath property is within the statute of frauds and is at law a complete nullity. (Civ. Code, sec. 1624, subd. 7, and Code Civ. Proc., sec. 1973, subd. 7.) But though the statute is a bar at law, we do not understand appellant to contend that a court of equity may not enforce a parol agreement to make a devise or bequest of property if there has been sufficient part performance. His contention, if we rightly understand it, is that the facts of this case are not sufficient to take the case out of the statute. Therefore, for the purpose of this decision we shall assume that, as in the case of a parol agreement to convey real property, an oral agreement to make a devise or a bequest may be taken out of the statute of frauds in all cases where there has been such part performance on the part of the person seeking to enforce the contract that it would be a virtual fraud to interpose the statute as a bar to a completion of the contract. In cases of parol agreements for the conveyance of real property by deed, fraud inhering in the consequences of setting up the statute is the foundation of the doctrine that such parol agreements, if partly performed, may be enforced by courts of equity, notwithstanding the requirement of the statute. The rule as to the effect of part performance is based entirely on equitable considerations. In cases of oral contracts for the conveyance of lands the general rule is that where there has been a part performance by one party to the oral agreement under such circumstances as to make it inequitable to allow the other party receiving the benefit to repudiate the contract on the ground that it is not in writing, he is estopped from doing so. (*Pearsall* v. *Henry*, 153 Cal. 314, 318 [95 Pac. 154, 159].) As an application of this equitable doctrine it is generally held that where there is an oral contract for the exchange of lands a conveyance by one on the faith of the agreement to exchange properties constitutes such part performance as will in equity take the case out of the operation of the statute. (*Pearsall* v. *Henry, supra.*)

In principle the case at bar cannot be distinguished from *Pearsall* v. *Henry, supra.* In the case of an oral agreement to exchange lands, the party who has made a conveyance under the agreement is to receive in return a different parcel of land; in a case such as that presented by the record before us the party who makes the conveyance on the faith of the other's parol agreement to return it to him by devise is to get back, not other land, as in the case of an agreement to exchange, but the very property which he conveyed to the other on the strength of the latter's promise to give it back in the form of a devise. In so far as the statute of frauds is concerned there does not appear to be any distinction, in principle, between a case where a party who has performed his part of the oral agreement is to get back the same land under the form of a devise and a case where he is to receive other land under the form of a deed of conveyance. It seems clear, therefore, that the principle of such cases as *Pearsall* v. *Henry* is applicable to the instant case, and that respondent's conveyance to his stepmother took the case out of the statute of frauds.

It is true that in the instant case the grantee was in possession when she received her stepson's deed. But even so, she made use of the title granted to her by mortgaging the land to secure the repayment of a loan made to her because she was able to give such mortgage security. She could not so use the title conveyed to her by respondent without estopping herself and her heirs from setting up the statute of frauds.

For these reasons we think that the conveyance of the real property by plaintiff placed him in a position to compel compliance with his stepmother's promise to revest him with the title on her death by devising the land to him. Other than this promise there was no consideration for respondent's deed to his stepmother. To permit appellant or any of the heirs of respondent's grantee to keep the property which comes to them as heirs of their intestate, and for which no consideration was given other than their intestate's promise to devise the land to her grantor, would enable them to take a fraudulent advantage of respondent's generosity to his stepmother and would work a travesty on justice, wholly inconsistent with the great principles by which courts are universally controlled in administering equitable relief.

[2]    There is no merit in the claim that appellant, because he was ignorant of his wife's promise to devise the land to respondent, is an innocent third party vested with superior intervening equities.   Appellant cites us to *Owens* v. *Mc-Nally,* 113 Cal. 444 [33 L. R. A. 369, 45 Pac. 710].   There are material points of distinction between the equities which appear in the case at bar and the equities as shown in *Owens* v. *McNally* and in the other cases cited by appellant.   In *Owens* v. *McNally,* the case mainly relied upon by appellant, the promisor at the time of his death had accumulated an estate in excess of twenty thousand dollars in value, to no part of which had the plaintiff contributed.   In that case the agreement between the plaintiff and her uncle did not make certain either the length of time which the plaintiff was to spend in living with and caring for her uncle or the kind or character of services which she was to render. While in her uncle's household Miss Owens took and occupied the station of a daughter.   She therefore undoubtedly received such support and maintenance as naturally would fall to a daughter's lot.   This in itself was some compensation for the services which she agreed to render.   The contract which she alleged her uncle had made with her contemplated the taking by her of all his estate, to the exclusion of any future wife or child.   These are marked dissimilarities which readily distinguish that case from this.   In the present case respondent only claims that which in his generosity he had conveyed to his stepmother on the strength of her promise that on her death he would receive it back in kind, free from conditions or encumbrances.   The life estate which the stepmother held and which came to her under the deed executed by respondent's father on February 22, 1906, terminated with the expiration of the stepmother's life.   Had respondent not deeded the property to her, and had he retained his title until his stepmother's death, he then would have owned all of the title to the property and not merely an estate in remainder.   The result is that he is seeking to regain no more than what would have been his had his stepmother not been made the recipient of his bounty.   The instant case presents an entirely different situation from that which arises where one promises to leave, at his death, his own and indefinite estate, accumulated by his own efforts, for an unliquidated obligation for services rendered or to be

rendered. We think it clear, therefore, that even if appellant did enter into the marriage relation with respondent's stepmother in ignorance of her oral agreement to devise the land to respondent, there does not inhere in his right of heirship or right of succession an equity which can be said to be superior to respondent's equities. There is nothing "harsh, oppressive, and unjust" in returning the property to the one who, by virtue of contract and good conscience, is entitled to it, instead of passing it on, by succession, to one who, as was aptly said by Mr. Justice Sloane when the case was last here, "is only related to it by marriage."

[3] There remains for consideration only the contention that the judgment should be reversed because at the time when it was entered all the heirs of Mary Ann McDonald, plaintiff's grantee, were not before the court. All the heirs were parties to the suit until plaintiff dismissed as to the defendants other than the surviving husband, Albert W. McDonald. That dismissal was made prior to the time when appellant filed his answer. Indeed, it was made prior to the time when the first appeal was taken, and is alluded to in the opinion handed down on that appeal. Without doubt appellant had actual knowledge of the dismissal when he answered the complaint. He filed his answer and participated in the trial of the action, speculating on the possibility of a favorable judgment, without in any way calling the attention of the lower court to the fact that these other heirs no longer were parties to the suit. If, therefore, there was a defect of parties defendant at the time when the judgment was entered, appellant waived the right to complain (sec. 434, Code Civ. Proc.), unless the other heirs were indispensable parties without whose presence a complete determination of the controversy could not be had without prejudicing their rights. (Sec. 389, Code Civ. Proc.) It is only where the court cannot determine the controversy between the parties before it without prejudicing the rights of others, that other parties must be brought in. (*Lytle Creek Water Co.* v. *Perdew,* 65 Cal. 447, 455 [4 Pac. 426].) If it is only an appellant's rights which may be injuriously affected by reason of the absence of other parties, it is his duty appropriately to call the trial court's attention thereto with a request that they be brought in. Failing to do so, he cannot be heard to complain in this court. (*Smith* v.

*Cucamonga Water Co.,* 160 Cal. 611, 617 [117 Pac. 764];
*Alison* v. *Goldtree,* 117 Cal. 545, 550 [45 Pac. 571].)

In passing upon appellant's contention that there is a
fatal defect of parties defendant it will not be necessary to
decide whether an agreement to dispose of property by will
may be enforced against the promisor's estate or personal
representative, or whether it is enforceable against the heirs
only. If it be enforceable against his estate or against his
personal representative, then this appellant, who is sued as
the administrator of his deceased wife's estate as well as
individually, represents, in his capacity as administrator, the
estate and the interests of all the heirs. If, on the other
hand, as appellant contends, an action such as this can be
maintained only against the heirs, appellant nevertheless is
in no position to complain of any defect of parties defendant,
since the decree cannot injudiciously affect the other heirs.
Though the heirs succeeded to the legal title as tenants in
common, they held their respective undivided moieties by
several and distinct titles. The principle upon which courts
of equity undertake to enforce the execution of an agreement
to dispose of property in a particular way by last will and
testament is one which is referable to the subject of specific
performance. But a court has no power to compel a person
to execute a last will and testament carrying out an agree-
ment to bequeath or devise his property, for this can be done
only in the lifetime of the testator. No breach of the agree-
ment can be assumed so long as he lives; and after his death
he no longer is capable of doing the thing agreed to be done
by him. The theory on which the courts proceed, therefore,
is to fasten a trust on the property in favor of the promisee,
and to enforce such trust against the heirs of the deceased.
Under this theory each heir holds the title to which he has
succeeded in trust for the promisee. In the instant case the
effect of the judgment against appellant as the surviving
husband was to fasten a trust on the title to which he suc-
ceeded and to compel a conveyance of that title to re-
spondent. If, as appellant contends, an action such as this
lies only against the heirs of the deceased promisor and not
against his estate or personal representative, then the judg-
ment cannot be pleaded against any of the heirs as to whom
the action was dismissed. It follows, therefore, that the de-

cree in nowise affects the rights of appellant's coheirs, and that they were not indispensable parties to the action.

The other points made by appellant do not merit consideration. Indeed, they are in effect disposed of by what we have said in our discussion of his three principal points.

The judgment is affirmed.

Works, J., and Craig, J., concurred.