[Civ. No. 2225. Second Appellate District.—June 12, 1917.]

ERNEST W. CHASE et al., Appellants, v. ELINOR A. CHASE STEVENS, Defendant; PAUL STEWART, Respondent,

WILL—EXECUTION PURSUANT TO AGREEMENT BETWEEN BROTHER AND SISTER—IRREVOCABLE INSTRUMENT—SUFFICIENCY OF CONSIDERATION.—The making of a will by a sister in favor of her brother is supported by a sufficient consideration to make the same irrevocable as against a will subsequently executed by her devising the property she might die possessed of to another, where it is shown that the sister prior to the time of the making of the first will had received for many years support from her brother, and that he, desiring that benefits which he had conferred and would confer in the future upon her should when she no longer had use for them be returned to him or his estate, requested and in a considerate way insisted that she should make the will as required by him, which she did.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

Waldo M. York, and Enyeart & Holton, for Appellants.

T. M. Stewart, for Respondent.

JAMES, J.—This appeal is taken by the plaintiffs from a judgment entered in favor of respondent Stewart and from an order denying their motion for a new trial. The action was brought for the purpose of having declared irrevocable a certain will made by Florence E. Chase and to have injunctive order restraining the defendants from contesting the said will and restraining them from offering for probate a will claimed to have been executed by the said Florence E. Chase subsequent to the execution of the will first above mentioned. Florence E. Chase was a sister of Horace W. Chase. Horace W. Chase lived in the city of Los Angeles at the time of his death and his sister was a resident of the state of Maine. Horace W. Chase died in June, 1911. Florence E. Chase died in April, 1912. For a number of years prior to his death Horace W. Chase had furnished to his sister the means for her support, and in a will made in February, 1911, he provided a legacy in the sum of five thousand dollars to be paid to the sister, and also made provision for further support to be given her from the trust estate which was created under his will. The plaintiffs herein constituted the members of Horace W. Chase's immediate family and are beneficiaries under his will. In the year 1910 Horace W. Chase wrote to his sister suggesting it as his desire that she make a will leaving the property that she might die possessed of to him or his estate. The sister responded at once, forwarding the will required. Her letters, as are here exhibited by the record, were full of expressions of gratitude for the generosity and kindness of her brother, and in those letters she declared her willingness to do anything that he might ask of her. After Florence E. Chase had so made the will and it had been received by Horace W. Chase, the latter wrote to his sister declaring that now he would know that in the event of anything happening to him she would be provided for. He later made the will which we have before referred to, wherein he made further provision for the support of his sister in the event that death should overtake him. Only a few months elapsed, as will be noted by comparison of the dates, from the time that Horace W. Chase made his will until he died. After his death, it appears that the sister, disregarding the injunctions of her brother and his solemn requests to her, in which she had made full acquiescence, executed another will, devising the property that she might die possessed of to Elinor A. Chase Stevens, one of the defend-

ants herein. This alleged last will of Florence E. Chase was offered for probate in Maine. The beneficiary thereunder assigned to respondent Paul Stewart an interest in the legacy of five thousand dollars left by Horace W. Chase to Florence E. Chase. Elinor A. Chase Stevens and said Paul Stewart thereupon offered for probate in Los Angeles County this alleged last will of Florence E. Chase, and sought to have set aside proceedings in probate which had been had in the matter of the first will as made by Florence E. Chase. This action was then commenced. Summons was published and personally served in the state of Maine as against the defendant Elinor A. Chase Stevens, and the time having expired for her appearance, default was entered and the judgment prayed for followed. Later, the defendant Elinor A. Chase Stevens made a so-called ''special'' appearance and asked that that default and judgment be set aside, which motion was denied. The action then proceeded to trial as to respondent Paul Stewart. There was no conflict in the evidence, the court's judgment being based upon a finding that there was no consideration extended by Horace W. Chase to support the making of the first will of Florence E. Chase; that because of lack of sufficient consideration no contractual rights arose in favor of Horace W. Chase sufficient to make the act of Florence E. Chase in executing the first will irrevocable. To this determination of the trial court we are not prepared to assent. Florence E. Chase, prior to the time of making the will, had received for many years support from her brother. This brother, desiring that benefits which he had conferred and would confer in the future upon his sister should, when she no longer had use for them, be returned to him or his estate, requested and in a considerate way insisted that she should make the will as required by him. She on her part, extolling his generosity and kindness, declared that she was ready to do anything that he desired. After the will was made Horace W. Chase wrote the sister in one of his letters that he was then satisfied, and that if anything happened to him she would now be assured of support. This latter expression indicates that it was in the mind of Chase that, had his sister refused to make the will as he desired it to be made, her future support would not have been as generously provided. He later made his will in which specific provision was made for the sister. The evidence, to our minds, indicates that there was a distinct understanding that

Horace W. Chase should not relinquish ownership in the property which he had and would place at the disposal of his sister for her support, in so far as there remained any excess at the time of her death over and above that actually needed or used for the purpose mentioned. Taking this view of the case, we think that ample consideration is necessarily implied upon which to conclude that the making of the first will by Florence E. Chase was an act done pursuant to a valid understanding or agreement between her and her brother. That being true, it follows that the first will of Florence E. Chase was irrevocable, as it is asserted to be on behalf of appellants. Furthermore, every equitable consideration lends its weight in the direction of enforcing good faith toward Horace W. Chase and his heirs and beneficiaries.

It may be remarked that a determination of the merits of this case will be without any substantial effect as fixing the rights of the parties under the several wills mentioned, for that matter has already been finally resolved in favor of these appellants. (See *Matter of the Estate of Florence E. Chase,* 169 Cal. 625, [147 Pac. 461].) However, at the oral argument it was urged that the matter of the recovery of costs incurred by the parties could only be settled by a consideration of the merits of the appeal. We have taken up the one vital question and given no attention to others which are argued at some length in the briefs.

Under the conclusions expressed it follows that the judgment and order must be set aside.

The judgment and order are reversed.

Conrey, P. J., and Works, J., *pro tem.,* concurred.