[Civ. No. 13552. First Dist., Div. One. Mar. 2, 1948.]

JESS H. BONNEAR, Appellant, v. BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION (a National Banking Corporation), as Executor, etc., Respondent.

Krinsky & Abraham for Appellant.

H. Raymond Hall for Respondent.

WARD, J.—Jess Bonnear brought this action to establish a constructive trust based upon certain facts alleged in the complaint, namely, that defendant Bank of America National Trust & Savings Association was appointed and qualified as executor of the last will and testament of Eva Bonnear; that plaintiff and the deceased were at one time man and wife; that "certain unhappy differences" arose between them which terminated in a decree of divorce. About the time of the dissolution of the marriage, September 30, 1942, the parties entered into a property settlement. The complaint alleges "That it was provided in said property settlement agreement that plaintiff herein would convey to said deceased all his right, title and interest in and to that certain real property and the improvements thereon, commonly known as 2550 Castello Street, Oakland, California, which premises are more particularly described as follows: . . ." The complaint sets forth a specific description of the property and further alleges that the settlement provided "that he would pay to the said deceased the sum of Thirty-three Hundred Dollars ($3,300.00) payable $75.00 per month for twelve (12) consecutive months, beginning October 15th, 1942, the sum of Fifty Dollars ($50.00) per month, beginning October 15, 1943, and continuing for twenty-four (24) consecutive months, and the sum of Twenty-five dollars ($25.00) per month, beginning

the 15th day of October, 1945, and continuing until the total sum of Thirty-three Hundred Dollars ($3,300) should have been paid.''

The complaint further alleges that in the month of September or October, 1943, Eva Bonnear was in poor health and was a patient at a sanitarium where she had incurred a bill of $139 and did not have available funds to meet the obligation; that thereupon Jess and Eva Bonnear entered into a parol agreement whereby Jess obligated himself to pay the sanitarium the amount of $139, and in addition agreed to pay $50 per month to Eva for her support and maintenance until she should die. In return Eva, according to the complaint ''promised and agreed to devise and bequeath the real property heretofore described herein and the improvements thereon to the plaintiff.'' Jess paid the obligation to the sanitarium and the sum of $50 each month to Eva, who, however, did not bequeath the property and improvements to him. The bank, as executor, sold the property in the due course of the administration of the estate for an alleged reasonable consideration of $18,000. The prayer of the complaint is that the court direct the defendant bank to pay to plaintiff, Jess Bonnear, the amount of money received from the sale of property which is alleged to be the reasonable value of the property and improvements. If the property had not been sold the action probably would have been one for the title, possession and ownership of the property.

A general and special demurrer to an amended complaint was filed, the second ground of which is ''That the said action is barred under and by virtue of the provisions of Section 1973 of the Code of Civil Procedure, and Section 1624, subd. 6, of the Civil Code of the State of California.''

An agreement is invalid which by its terms is not to be performed during the lifetime of the promisor, likewise an agreement to bequeath any property, or to make any provision by will unless there is some note or memorandum in writing and subscribed by the party charged, or his agent. (Code Civ. Proc., § 1973, subd. 6; Civ. Code, § 1624, subd. 6 is to the same effect.) The demurrer to the amended complaint was sustained without leave to amend. Judgment was subsequently entered.

Plaintiff contends that the action is one to impress a trust upon the property and that the rules generally applicable to specific performance control. The form of the pleading

is not of great consequence in view of the recent trend of California decisions: *Wennerholm* v. *Stanford Univ. Sch. of Med.*, 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358]; *Jaffe* v. *Stone*, 18 Cal.2d 146 [114 P.2d 335, 135 A.L.R. 775]; *Speegle* v. *Board of Fire Underwriters*, 29 Cal.2d 34 [172 P.2d 867]; *MacIsaac* v. *Pozzo*, 26 Cal.2d 809 [161 P.2d 449]; *Maguire* v. *Hibernia S. & L. Soc.*, 23 Cal.2d 719 [146 P.2d 673, 151 A.L.R. 1062]. The real question presented is whether the alleged contract, which is the basis of plaintiff's complaint, is void under the statute of frauds as an agreement to bequeath property. Plaintiff states certain questions as the issues involved but they only lead to the determination of the main question.

It may be well to note that the property settlement agreement is made a part of the present complaint. Therein by mutual consent the community property of the respective parties, consisting of an automobile, furniture and furnishings, a residence, a drugstore and the good will thereof and a life insurance policy, was disposed of in accordance with the desires of the parties. The agreement provides for the payment of monthly installments in specified amounts. The subsequent alleged oral agreement covered only the residence and the payment of the monthly sums for maintenance. As a mathematical matter it may be ascertained that at the time of Eva Bonnear's death her former husband had not paid all that would have been required under the property settlement of September 30, 1942.

There is some authority that equity will intervene in a proper case to cure the ills resulting from the breach of an oral contract based upon a consideration of a promise to devise or bequeath where there is no adequate remedy in law. As said in 26 California Jurisprudence, page 836, section 164 and pages 837-838, section 166: "While the promisee's remedy in equity is frequently referred to as 'specific performance,' the contract is enforced, not by ordering a will to be executed, but by impressing a trust upon the property in the hands of the promisor's representatives or transferees." "The cases for the most part constitute two groups: (1) those involving a promise to devise property which was conveyed to the promisor by the promisee; and (2) those wherein the promise is shown to have been made in consideration of acts done by the promisee, such as the performance of services, furnishing of care and support, and the like."

In *Wolf* v. *Donahue*, 206 Cal. 213 [273 P. 547], plaintiff came to California upon a written statement made by defendant that he was very ill and unable to care for his business and home and a promise that if plaintiff would look after the home she and her children would never be in want and that at his death the plaintiff and her children would be well cared for. Plaintiff hesitated but defendant persuaded her to come to California where she conducted defendant's home and assisted in his business. The court said that where the contract is not contrary to good morals, and where innocent third parties are not affected, a court (p. 220) may "decree specific performance of such an agreement upon the recognized principles by which it is governed in the exercise of this branch of its jurisdiction." This case must be listed in the second classification noted in 26 California Jurisprudence, *supra*, covering "the performance of services." The facts are entirely foreign to the present case.

The cases cited in support of the first group deserve attention in determining the similarity of principle and the dissimilarity of facts to the present case. The facts in *Trower* v. *Young*, 40 Cal.App.2d 539 [105 P.2d 160] are briefly set forth on page 546: "In the case at bar interests in real property were conveyed to the decedent upon her undertaking that the parties so conveying the property would be made beneficiaries under her will to the extent of one-half of her property. It is true that there was no express agreement to leave a specific interest in any specified real property, but it is also true that by the terms of the agreement the heirs were to receive a one-half interest in any real property which the deceased might own at the time of her death." The form of the action was one to impress a trust upon property. The real question raised was whether it was necessary that plaintiffs proceed by presenting a creditors' claim. It was held that plaintiffs were not creditors and that the form of the action was sufficient. In the Trower case the agreement was in writing and the consideration was not the exchange of money for property but the mutual exchange of property.

*Stewart* v. *Smith*, 6 Cal.App. 152 [91 P. 667] was an action in equity to compel specific performance of an oral contract to make a certain testamentary disposition of property in consideration of a conveyance of real estate to the promisor. The court recognized the validity of such a contract and

stated the rule as follows (p. 156) : "There must be an adequate consideration; the contract must be just and reasonable as to the party against whom it is sought to be enforced; the other party must not have practiced fraud nor undue influence in securing the contract; it must be certain and definite, not within the statute of frauds, and its enforcement must not involve an invasion of the legal or equitable rights of an innocent third party." After considering a number of cases the court said (p. 162) : "Again, the mother received *real* property as a part of the consideration and the *peculiar* value of such property is a decisive element in actions for specific performance. If the children had parted simply with personal property, under the decisions it might be that application would have to be made to the law side of the court, but here no such contention can be maintained." "Although such statute [§ 1624, subd. 6] is a bar at law, a court of equity may 'enforce a parol agreement to make a devise or bequest of property if there has been sufficient part performance.' (*Rundell* v. *McDonald,* 62 Cal.App. 721, 724 [217 P. 1082] . . .)" (*Van Fossen* v. *Yager,* 65 Cal.App.2d 591, 596 [151 P.2d 14].) The Van Fossen case involved only real property and, as stated on pp. 596-597: "Here, the undisputed testimony shows conclusively that the plaintiff completely performed his obligation under the agreement."

In *Dean* v. *Davis,* 73 Cal.App.2d 166 [166 P.2d 15], a case involving Dean's promise to obtain employment for Davis, in connection with which Dean was to receive a percentage of the former's compensation, there appears a quotation (p. 168) worthy of note: "In 49 American Jurisprudence 860, it is said: 'To state the rule another way, where the employee has fully performed the contract on his part and there is nothing left for the other party to do but to pay the agreed compensation, the statute does not apply, and the contract may be enforced against the employer according to its terms. Such is the view of the American Law Institute.' (See Restatement, Contracts, vol. 1, § 178.)"

▮ In the present case if plaintiff had paid the full amount provided by the written contract upon an alleged promise that the deceased would leave a will under the terms of which she would devise the designated property to him as an inducement to live up to the terms of the written contract, his remedy would be in law and not in equity. The present alleged promise cannot change that rule. It is doubtful whether

any court of equity would give a money judgment, upon the consideration alleged in the complaint, in favor of plaintiff unless he had paid an amount in excess of the sum he originally contracted to pay under the terms of the written agreement. In the present case plaintiff's performance could be measured in money.

Plaintiff's next contention is that having accepted the consideration under the terms of the alleged oral agreement, her representative should not be permitted to set up the statute of frauds. In brief, the doctrine of estoppel is invoked. In support of this plaintiff cites *Seymour* v. *Oelrichs,* 156 Cal. 782 [106 P. 88, 134 Am.St.Rep. 154] and *Notten* v. *Mensing,* 3 Cal.2d 469 [45 P.2d 198]. Plaintiff in the Seymour case gave up a life position in reliance upon a promise, and the case involved an oral contract covering a period of more than one year. Seymour, in pursuance of the contract, altered his position to his own injury and loss. These facts do not appear in the present case. In *Notten* v. *Mensing* the facts show an oral contract to execute reciprocal wills and that upon the death of the survivor the property should go to designated relatives. The husband died and the wife became the beneficiary. Later she revoked her reciprocal will and executed a new one. These facts were held sufficient to estop her representatives from setting up the statute of frauds. The facts in the Notten case indicate a changed position, namely, the wife made a will and then made one with inconsistent provisions. In this case it is not alleged that Eva Bonnear ever made the will which her husband alleges she agreed to make.

In *Barr* v. *Ferris,* 41 Cal.App.2d 527 [107 P.2d 269], consideration is given to the contention that a property settlement between C. M. Barr and his wife had been altered. No such issue is raised in this case. The Barr agreement provided (p. 529) that "Should I die before C. M. Barr all property in my possession, real, personal and mixed, shall be returned to C. M. Barr." It was there decided that the agreement was one. to make a will giving to Mr. Barr all the property possessed by Mrs. Barr at her death. All the property received by Mrs. Barr under the terms of the agreement was personal property. It was held that, having accepted the consideration (personal property), Mrs. Barr's representatives should be estopped to deny the binding effect of the part of the agreement to be performed by her. The legal effect of the complaint in *Barr*

v. *Ferris, supra,* was to impress a trust. The propriety of the form of the action was not determined because the question had not been definitely raised. Neither Code of Civil Procedure, section 1973 nor Civil Code, section 1624 is mentioned in the opinion. In the Barr case there was a written agreement which (p. 534) might have "been held sufficient to constitute a deed, and given that effect." In the present case, at the time of the execution of the written agreement Mrs. Bonnear received real estate. It is not the written agreement that interests plaintiff but an alleged oral agreement which, according to him, abrogated the written agreement so far as real estate was concerned and the amount of monthly payments to Mrs. Bonnear.

Plaintiff appeals to a court of equity. He claims fraud in the failure of Mrs. Bonnear to mention him in her will. He alleges that she violated the promise and agreement. The alleged oral contract was executed in October of 1943 when Mrs. Bonnear in poor health was in a sanitarium and owed $139. At that time, under the terms of the written contract, plaintiff owed his wife $50 for 24 months and $25 thereafter each month until with prior payments $3,300 should be paid. The original monthly amounts were payable at $75 a month. The complaint does not allege any effort to have the new agreement to devise and bequeath property to plaintiff, put into writing and subscribed by Mrs. Bonnear who died in August of 1946.

If plaintiff's position had been altered to his injury, equity may have disregarded the statute of frauds and rendered assistance, but plaintiff had an adequate remedy at law. He needed no equitable protection. Under the pleadings the trial court was correct.

The judgment is affirmed.

Peters, P. J., and Jacoby, J. pro tem., concurred.