[Civ. No. 16936.  First Dist., Div. One.  Dec. 17, 1956.]

CONSTANT E. CUENIN et al., Appellants, v. E. D. LAKIN, as Executor, etc., et al., Respondents.

Joseph A. Bonacina for Appellants.

Lakin, Spears & Gullixson for Respondents.

AGEE, J. pro tem.*—William Henry Barnett and Mary A. Barnett were husband and wife.  In June, 1929, they executed deeds of gift, each to the other, of certain real property owned

*Assigned by Chairman of Judicial Council.

by them. Mary died on May 7, 1935. Her daughter by a former marriage, Helene Cuenin, found the deed from William to Mary among her mother's effects and caused it to be recorded. William later discovered this when making a loan application on the property. He went to an attorney, who advised a quiet title action. Helene was contacted and she agreed to act and appear as administratrix of her mother's estate. The action was uncontested, Helene having filed a disclaimer. A decree quieting title in William was rendered April 20, 1936. On the same day, William executed a deed of gift of two lots, described as 34 and 35, to Helene. He delivered this deed to Egerton D. Lakin, an attorney, with the following written instruction: "Said deed is to take effect only in the event of my death; therefore it is handed to you with instructions that it is to be delivered to Mrs. Cuenin upon my death, and not before." Five years later William requested the return of the deed. Lakin was of the opinion that he was entitled to it but, as a matter of caution, wrote to Helene on June 24, 1941, enclosing a request that she sign the following consent: "Referring to the escrow whereby you are holding a certain deed of gift in my favor from W. H. Barnett, covering Lots 34 and 35 in Block 16, Woodland Place, San Mateo County, California, I have no objection to the termination of said escrow, and the return of said deed to Mr. Barnett." Helene, under date of July 23, 1941, replied with the following signed statement: "Referring to the escrow whereby you are holding a certain deed of gift in my favor from W. H. Barnett, covering Lots 34 and 35, Block 16, Woodland Place, San Mateo County, California, I have no objection to the termination of said instrument and the return of the said deed to Mr. Barnett *in consideration of his agreement to make his will and include a clause therein whereby Lot 33, being an adjoining lot to the above described property, is devised to me.*" (Emphasis added.) At the bottom of the same page upon which the foregoing was written appears the following statement, signed by William: "I agree to the above provision regarding my will, and will not change the same without the consent of Helene Cuenin, so far as the same concerns said lot 33, in block 16, Woodland Place." On the same day, July 23, 1941, William executed a formal witnessed will in which he devised Lot 33 to Helene. It is implicit in her signed statement of July 23, 1941, that Helene was giving up any claim as to Lots 34 and 35.

Helene died on November 17, 1949, leaving surviving as her

heirs the plaintiffs herein, Constant E. Cuenin, her husband, and Frances C. Sides, her daughter.

Thereafter, William executed two holographic wills, dated July 23, 1950, and August 2, 1950, respectively. Neither will contained a devise of Lot 33 to Helene or her heirs. On March 24, 1953, William sold all of the property herein mentioned, i. e., Lots 33, 34 and 35. William died on May 22, 1953. The will of August 2, 1950, was admitted to probate on June 10, 1953.

On December 9, 1953, this action was filed by Helene's husband and daughter to enforce the agreement of July 23, 1941, and impress a trust in their favor for the reasonable value of Lot 33.

The position of respondents is that (1) there was no consideration for the agreement of July 23, 1941, and (2), if it was a valid agreement, that agreement was lived up to by the execution of the will of July 23, 1941, and that, upon Helene predeceasing William, the devise lapsed under the provisions of section 92 of the Probate Code.

The trial court concluded that there was no consideration for the agreement of July 23, 1941, because William did not intend to pass immediate title by the deed of April 20, 1936, and the delivery thereof to Lakin in escrow constituted an attempt to make a testamentary disposition without complying with the requirements of a valid will. The trial court also held that the devise lapsed by reason of Helene's death before that of William. (Prob. Code, § 92.) Judgment was thereupon rendered in favor of defendants and plaintiffs appeal therefrom.

There is no conflicting extrinsic evidence and the interpretation placed upon the agreement by the trial court is not binding on an appellate court. (*Fox* v. *Fox*, 42 Cal.2d 49, 52 [265 P.2d 881]; *Estate of Platt*, 21 Cal.2d 343, 352 [131 P.2d 825].) The deeds of 1929 were probably but not necessarily ineffective attempts of a husband and wife to make a testamentary disposition of the property in the event of the death of either. However, the deed which ran from William to Mary was recorded and constituted a cloud upon William's title. Helene helped to clear it. On the same day that he obtained a quiet title decree, he executed the deed of April 20, 1936, to Helene. Again, there is probably little doubt that Helene acquired no interest in the property thereby and that William had a right to demand the return of this deed. But when William's attorney wrote to Helene, requesting her

consent to such return, she obviously demurred and conditioned her consent upon William agreeing to execute a will devising Lot 33 to her. There is no contention that Helene acted in bad faith and the presumption is that she acted in good faith. (*Hedden* v. *Waldeck*, 9 Cal.2d 631, 636 [72 P.2d 114].) ■■ It is not necessary, in considering whether there was any consideration for William's promise to devise, to determine whether in fact there was any detriment suffered by Helene or benefit obtained by William. The release by Helene of any claim in or to Lots 34 and 35, such claim being made in good faith, is sufficient consideration for the promise contained in William's agreement of July 23, 1941. (*Dominguez Estate Co.* v. *Los Angeles Turf Club, Inc.*, 119 Cal.App.2d 530, 541-542 [259 P.2d 962]; *City Street Imp. Co.* v. *Pearson*, 181 Cal. 640, 650 [185 P. 962, 20 A.L.R. 1317]; *Baker* v. *Philbin*, 97 Cal.App.2d 393, 397 [218 P.2d 119]; *Fuller* v. *Towne*, 184 Cal. 89, 96 [193 P. 88].)

We turn now to a consideration of what was agreed to by William. He not only agreed to devise Lot 33 to Helene but he agreed not to change such devise "without the consent of Helene Cuenin." He did not, of course, ever obtain such consent. However, respondents urge that even if William's will, dated July 23, 1941, had never been changed, the devise lapsed when Helene predeceased him.

■ Section 92 of the Probate Code provides that "If a devisee or legatee dies during the lifetime of the testator, the testamentary disposition to him fails, unless an intention appears to substitute another in his place; . . ." The exception as to "kindred," which follows, is not relevant inasmuch as Helene was not related by blood to William.

Respondents contend that, under this section, the devise to Helene would have lapsed in any event because she predeceased William. Helene's rights, however, are based upon contract and, upon her death, such rights inured to the benefit of her heirs and are not affected by the lapse statute. In *Potter* v. *Bland*, 136 Cal.App.2d 125 [288 P.2d 569], the decedent agreed in writing to devise certain real property to her nephew and niece. She executed a will so providing but later executed another will leaving all of her estate to another. Prior to her death, the niece died without leaving any lineal descendant. At page 135, this court said: "The court, among other findings, found that plaintiff was the sole heir at law of his sister who died intestate, and that as such he was entitled to the half interest in testatrix' estate which

testatrix had contracted to will to the sister, decreed that defendants held the entire estate as constructive trustees for plaintiff, and ordered defendant executor to deliver to plaintiff such estate after payment of claims and expenses of administration. This finding and the decree are correct. The question we are considering here is one of contract rather than of wills. Ordinarily a devise or bequest to a person who dies prior to the death of the testatrix lapses. (See Prob. Code, § 92.) But here we have a contract, made upon a consideration in which testatrix agreed to will her property to two people in equal shares. The death of one of them prior to that of the testatrix does not make the agreement void in any sense. The right to half of testatrix' property, although inchoate as to time, belonged to the sister, and on her death remained a property right of her estate.'' (See also *Trower* v. *Young*, 40 Cal.App.2d 539, 548-549 [105 P.2d 160].)

We conclude that the agreement of July 23, 1941, was for a good and valid consideration and that section 92 of the Probate Code does not apply to or affect said agreement. The judgment is therefore reversed.

Bray, Acting P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied January 16, 1957, and respondents' petition for a hearing by the Supreme Court was denied February 14, 1957. Shenk, J., Schauer, J., and McComb, J., were of the opinion that the petition should be granted.